**B1 (Official Form 1) (12/11)**

| UNITED STATES BANKRUPTCY COURT<br><br>Southern District of New York | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Hawker Beechcraft, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>Hawker Beechcraft Holding Corp. and Hawker Beechcraft Corporation | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>20-8072598 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State):<br>10511 East Central<br>Wichita, Kansas<br><br>ZIP CODE 67206 | Street Address of Joint Debtor (No. and Street, City, and State):<br><br>ZIP CODE |
| County of Residence or of the Principal Place of Business:<br>Sedgwick County | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>New York, New York    ZIP CODE | |

| **Type of Debtor**<br>(Form of Organization)<br>(Check **one** box.)<br><br>☐ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☑ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | **Nature of Business**<br>(Check **one** box.)<br><br>☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☑ Other    Aviation | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check **one** box.)<br><br>☐ Chapter 7        ☐ Chapter 15 Petition for<br>☐ Chapter 9             Recognition of a Foreign<br>☑ Chapter 11           Main Proceeding<br>☐ Chapter 12      ☐ Chapter 15 Petition for<br>☐ Chapter 13           Recognition of a Foreign<br>                               Nonmain Proceeding |
|---|---|---|

| **Chapter 15 Debtors**<br>Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br><br>☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check **one** box.)<br><br>☐ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."    ☑ Debts are primarily business debts. |
|---|---|---|

| **Filing Fee** (Check one box.)<br><br>☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Chapter 11 Debtors**<br>**Check one box:**<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br><br>**Check if:**<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>**Check all applicable boxes:**<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |
|---|---|

| **Statistical/Administrative Information** | **THIS SPACE IS FOR COURT USE ONLY** |
|---|---|
| ☑ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors on a consolidated basis

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets on a consolidated basis

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities on a consolidated basis

| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☑ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s):<br>Hawker Beechcraft, Inc. |
|---|---|

| All Prior Bankruptcy Cases Filed Within Last 8 Years (If more than two, attach additional sheet.) |||
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor:<br>See Rider 1 | Case Number: | Date Filed: |
| District:<br>Southern District of New York | Relationship: | Judge: |

<table>
<tr>
<td><h3 align="center">Exhibit A</h3>
(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br><br>
☐   Exhibit A is attached and made a part of this petition.</td>
<td><h3 align="center">Exhibit B</h3>
(To be completed if debtor is an individual<br>whose debts are primarily consumer debts.)
I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>
X _____<br>
Signature of Attorney for Debtor(s)        (Date)</td>
</tr>
</table>

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☒   No.

### Exhibit D

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

### Information Regarding the Debtor - Venue
(Check any applicable box.)

☒   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

### Certification by a Debtor Who Resides as a Tenant of Residential Property
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

| Voluntary Petition | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case.)* | Hawker Beechcraft, Inc. |

**Signatures**

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct. | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition. |
| [If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. | (Check only **one** box.) |
| [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b). | ☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached. |
| I request relief in accordance with the chapter of title 11, United States Code, specified in this petition. | ☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached. |

**Signature(s) of Debtor(s) (Individual/Joint)**

X _____
Signature of Debtor

X _____
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

**Signature of a Foreign Representative**

X _____
(Signature of Foreign Representative)

_____
(Printed Name of Foreign Representative)

_____
Date

---

**Signature of Attorney\***

X   /s/ Paul M. Basta
Signature of Attorney for Debtor(s)
Paul M. Basta
Printed Name of Attorney for Debtor(s)
Kirkland & Ellis LLP
Firm Name

601 Lexington Avenue
New York, New York 10022-4611
Address
(212) 446-4800
Telephone Number
05/03/2012
Date

*\*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.*

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____
Signature

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

---

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X   /s/ KJ Tjon
Signature of Authorized Individual
KJ Tjon
Printed Name of Authorized Individual
Authorized Signatory
Title of Authorized Individual
05/03/2012
Date

## Rider 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Hawker Beechcraft, Inc.

1.      Hawker Beechcraft, Inc.

2.      Arkansas Aerospace, Inc.

3.      Beech Aircraft Corporation

4.      Beechcraft Aviation Company

5.      Hawker Beechcraft Acquisition Company, LLC

6.      Hawker Beechcraft Corporation

7.      Hawker Bechcraft Defense Company, LLC

8.      Hawker Beechcraft Finance Corporation

9.      Hawker Beechcraft Global Customer Support Corporation

10.     Hawker Beechcraft Holding, Inc.

11.     Hawker Beechcraft International Delivery Corporation

12.     Hawker Beechcraft International Holding LLC

13.     Hawker Beechcraft International Service Company

14.     Hawker Beechcraft Notes Company

15.     Hawker Beechcraft Quality Support Company

16.     Hawker Beechcraft Regional Offices, Inc.

17.     HBC, LLC

18.     Rapid Aircraft Parts Inventory and Distribution Company, LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HAWKER BEECHCRAFT, INC., <u>et al.</u>,[1] | ) | Case No. 12-_____ (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE TOP 50 LARGEST UNSECURED CLAIMS

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") each filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. The following is the consolidated list of the Debtors' creditors holding the 50 largest unsecured claims (the "<u>Consolidated List</u>") based on the Debtors' books and records as of approximately April 30, 2012. The Consolidated List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors. None of these creditors are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1]  The Debtors in the chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Hawker Beechcraft, Inc. (2598); Arkansas Aerospace, Inc. (7496); Beech Aircraft Corporation (0487); Beechcraft Aviation Company (3548); Hawker Beechcraft Acquisition Company, LLC (8770); Hawker Beechcraft Corporation (5770); Hawker Beechcraft Defense Company, LLC (5891); Hawker Beechcraft Finance Corporation (8763); Hawker Beechcraft Global Customer Support Corporation (7338); Hawker Beechcraft Holding, Inc. (6044); Hawker Beechcraft International Delivery Corporation (6640); Hawker Beechcraft International Holding LLC (6757); Hawker Beechcraft International Service Company (9173); Hawker Beechcraft Notes Company (0498); Hawker Beechcraft Quality Support Company (7800); Hawker Beechcraft Regional Offices, Inc. (3889); HBC, LLC (N/A); and Rapid Aircraft Parts Inventory and Distribution Company, LLC (N/A). The location of the Debtors' corporate headquarters and the Debtors' service address is: 10511 East Central, Wichita, Kansas 67206.

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 1. | Pension Benefit Guarantee Corporation | Pension Benefit Guarantee Corporation Attn: Office Of The Chief Counsel 1200 K St N W Ste 340 Washington, DC  20005-4026 United States | Pension Benefit | Contingent | Unliquidated |
| 2. | Deutsche Bank National Trust Company | Deutsche Bank National Trust Company Attn: Victoria Douyon Administrative Agent Senior Pik Election Notes 222 South Riverside Plaza, 25th Floor Chicago, IL  60606 United States<br><br>Phone: 312-537-8126 Fax: 312-537-1009 Email: victoria.douyon@db.com | Unsecured Notes | | $318,300,000 |
| 3. | Deutsche Bank National Trust Company | Deutsche Bank National Trust Company Attn: Victoria Douyon Administrative Agent Senior Notes 222 South Riverside Plaza, 25Th Floor Chicago, IL  60606 United States<br><br>Phone: 312-537-8126 Fax: 312-537-1009 Email: victoria.douyon@db.com | Unsecured Notes | | $191,900,000 |
| 4. | Deutsche Bank National Trust Company | Deutsche Bank National Trust Company Attn: Victoria Douyon Administrative Agent Subordinated Notes 222 South Riverside Plaza, 25Th Floor Chicago, IL  60606 United States<br><br>Phone: 312-537-8126 Fax: 312-537-1009 Email: victoria.douyon@db.com | Unsecured Notes | | $153,400,000 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 5. | Export Development Canada | Export Development Canada Attn: Shawn Mitchell - Principal 150 Slater Ottawa, ON  K1A 1K3 Canada<br><br>Phone: 613-598-3027 Fax: 613-598-3811 | Unsecured Notes | | $59,600,000 |
| 6. | Rockwell Collins Inc | Rockwell Collins Inc Attn: Clay Jones - Chief Executive Officer 400 Collins Rd NE Cedar Rapid, LA  82498 United States<br><br>Fax: 319-295-4941 | Trade Payable | | $21,578,703 |
| 7. | Honeywell International Inc | Honeywell International Inc Attn: Tim Mahoney - Chief Executive Officer Aerospace 111 S. 34Th Str Phoenix, AZ  85034 United States<br><br>Phone: 877-841-2840 | Trade Payable | | $12,271,215 |
| 8. | Pt Lion Mentari | Pt Lion Mentari Attn: Rusdi Kirana - President Director Lion Air Tower, 8Th Floor Jln. Gajah Mada No. 7 Jakarta Pusat,   10130 Indonesia<br><br>Phone: +65-9652-7108 Email: Rusdi.Kirana@Lionair.Com.Sg | Customer Deposit | | $10,000,000 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 9. | Nigerian Presidential Air Wing | Nigerian Presidential Air Wing Attn: Mr. Ma Yakubu - Group Captain Nnamdi Azikiwe International Airport Presidential Air Fleet Abuja Nigeria<br><br>Phone: +234 8052088048 Email: Maminuyana@Yahoo.Com | Customer Deposit | | $9,000,000 |
| 10. | IBM Corp | IBM Corp Attn: Dave Miller - Managing Partner, Americas And Global Industrial Sector New Orchard Road Armonk, NY  10504 United States<br><br>Phone: 704-609-2980 Email: David.E.Miller@Us.Ibm.Com | Trade Payable | | $8,221,075 |
| 11. | Perfectura Naval Argentina | Perfectura Naval Argentina Attn: Majo Lezama - Major Aeropuerto Internatcional De San Fernando Hangar De Pna Ruta 202 Esquina Balcarce Buenos Aires,  San Fernando,   1646 Argentina<br><br>Phone: (54114)714-3777 Fax: 541147142442 Email: Majo_Lezama@Aerobaires.Com.Ar | Customer Deposit | | $7,782,446 |

|  | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 12. | Airbus Operations Limited | Airbus Operations Limited<br>Attn: Soeren Fischer - Vice President Diversification Programme<br>1 Rond-Point Maurice Bellonte<br>31707 Blagnac Cedex<br>France<br><br>Phone: +33 (0) 5 61 18 58 41<br>Email: Soeren Fischer<br>(Soeren.Fischer@Airbus.Com) | Trade Payable | | $7,591,839 |
| 13. | Madis Management | Madis Management<br>Attn: Mr. Vladimir Ann - Chief Executive Officer<br>Morgan And Morgan Building<br>Pasea Estate<br>P.O. Box 958<br>Road Town,  Tortola,<br>Virgin Islands (British)<br><br>Phone: 77011115802<br>Email: Anvv1968@Mail.Ru | Customer Deposit | | $7,000,000 |
| 14. | Aernnova Aerospace Mexico Sa De Cv | Aernnova Aerospace Mexico Sa De Cv<br>Attn: Inaki Lopez Gandasegui - Chief Executive Officer<br>Av Benito Juarez No109 Piq<br>Queretaro,   76220<br>Mexico<br><br>Phone:  +34-913-827-844<br>Fax: 00 52 442 240 93 54<br>Email: Luis.Perez@Aernnova.Com | Trade Payable | | $6,656,419 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 15. | Fuji Heavy Industries Ltd | Fuji Heavy Industries Ltd Attn: Shoichiro Tozuka - Vice President 101011 Yonan Utsunomiya Tochigi,   3208564 Japan  Phone: 81-907-710-9658 Fax: (03) 3347-2338 Email: Tozukas@Uae.Subaru-Fhi.Co.Jp | Trade Payable | | $6,173,372 |
| 16. | Flightsafety Services Corp | Flightsafety Services Corp Attn: Bruce Whitman - President & Chief Executive Officer La Guardia Airport Flushing, NY  11371 United States  Phone: 718-565-4112 Fax: 303-783-8557 | Trade Payable | | $6,129,904 |
| 17. | Avion Pacific Limited | Avion Pacific Limited Attn: Wu Zhendong - Managing Director Room 1501, 15/F Wanchai Commercial Building 194-204 Johnston Road Wanchai Hong Kong  Phone: 86 755 2667 0729 Fax: +86 755 266 70729 Email: Bei@Avionpacific.Com | Customer Deposit | | $5,800,366 |
| 18. | Labinal De Mexico | Labinal De Mexico Attn: Karen Bomba - Chief Executive Officer 12120 Esther Lama Dr El Paso, TX  79936 United States  Phone: 915-860-0701 Email: Karen.Bomba@Us.Labinal.Com | Trade Payable | | $5,484,664 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 19. | Inter Aviation | Inter Aviation Attn: Ms. Olivia Ticleanu - Counsellor 1-3 Verii Street 3rd Floor - Et 3 Room 303, Sector 2 Bucharest,   20723 Romania<br><br>Phone: 40212101020 Fax: 40212104805 Email: Olivia@Interagro.Ro | Customer Deposit | | $5,000,000 |
| 20. | Corporate Aircraft S.A. | Corporate Aircraft S.A. Palazzo Del Sole Roveredo,   6535 Switzerland<br><br>Phone: 41796829066 Fax: 41918350254 Email: T.Letourneur@Corporate-Aircraft.Com | Customer Deposit | | $4,922,165 |
| 21. | L3 Communications | L3 Communications Attn: Donald Spetter - Chief Executive Officer 555 Inductrial Drive South Madison, IL  39110 United States<br><br>Phone: 847-259-0740 Fax: 847-660-1811 Email: Edi.Info@L-3Com.Com | Trade Payable | | $4,761,392 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 22. | Hawker Pacific Pty. Ltd. | Hawker Pacific Pty. Ltd.<br>Attn: Tony Jones - Senior Vice President<br>112 Airport Avenue<br>Bankstown Airport<br>Sydney, NSW, 2200<br>Australia<br><br>Phone: 61 2 97018 8546<br>Fax: +61 2 9708 8697<br>Email: Tony.Jones@Hawkerpacific.Com | Customer Deposit | | $4,220,978 |
| 23. | Genuine Parts Company | Genuine Parts Company<br>Attn: Scott Smith - Senior Vice President & Corporate Counsel<br>2999 Circle 75 Parkway<br>Atlanta, GA 30339<br>United States<br><br>Phone: 770-953-1700<br>Fax: 7709562211<br>Email: Wbrown1945@Bellsouth.Net | Customer Deposit | | $4,000,000 |
| 24. | IQ Navigator Inc | IQ Navigator Inc<br>Attn: Art Knapp - Evp Global Service Delivery<br>6465 Greenwood Plaza Blvd Suite 800<br>Centennial , CO 80111<br>United States<br><br>Phone: 303-563-1613<br>Fax: 303-563-1650<br>Email: Aknapp@Iqnavigator.Com | Trade Payable | | $3,970,400 |
| 25. | Messier Dowty Inc | Messier Dowty Inc<br>Attn: Bryan Teed - President<br>574 Monarch Ave<br>Ajax, ON L1S2GB<br>Canada<br><br>Phone: 905-683-3100 | Trade Payable | | $3,933,968 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 26. | Lider Taxi Aero S.A. Air Brazil | Lider Taxi Aero S.A. Air Brazil Attn: Eduardo Vaz - President Av. Santa Rosa, 123 Pampulha Belo Horizonte,  Minas,  31270-750 Brazil<br><br>Phone: 55 31 3490 4550 Fax: 553134904588 Email: Eduardo.Vaz@Lideraviacao.Com.Br | Customer Deposit | | $3,872,333 |
| 27. | Netjets Middle East/Nasjets | Netjets Middle East/Nasjets Attn: Mr. Salaiman Al Hamdan - Chief Executive Officer Po Box 305161 1St Floor Al Salam Center Prince Muhammad Ibn Abdulaziz (Tahliya) Street Olaya, Riyadh,  11361 Saudi Arabia<br><br>Phone: +966 (01)2171800 Fax: +966 (01)2171830 Email: Salhamdan@Nasaviation.Com | Customer Deposit | | $3,649,329 |
| 28. | Computer Sciences Corporation | Computer Sciences Corporation Attn: Pete Wiese  - Director 1520 Hughes Way Long Beach, CA  90810 United States<br><br>Phone: 316-676-5588 Fax: +1.703.876.1000 Email: Kwiese@Csc.Com | Trade Payable | | $3,557,136 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 29. | Martin Baker Aircraft Co Ltd | Martin Baker Aircraft Co Ltd<br>Attn: J.W. Martin - Chief Executive Officer<br>Lower Road Higher Denham<br>Uxbridge, Middlesex,   UB9 5AJ<br>United Kingdom<br><br>Phone: +44 011-44 189-583-6508<br>Fax: 814-262-9556 | Trade Payable | | $3,386,542 |
| 30. | Cmc Electronics Inc | Cmc Electronics Inc<br>Attn: Greg Yeldon - President<br>600 Dr. Federik-Phillips Blvd Ville<br>Saint-Laurent<br>Quebec,   H4M259<br>Canada<br><br>Phone: 514-748-3119<br>Fax: 514-748-3100 | Trade Payable | | $3,244,410 |
| 31. | Spirit Aerosystems Europe Limited | Spirit Aerosystems Europe Limited<br>Attn: Scott Mckarty - Vice President<br>Glascow Prestwick Airport Prestwick Ayrchire<br>Prestwick Ayrshire, Scotland,   KA9 2RW<br>United Kingdom<br><br>Phone: +44 129 267 2147 | Trade Payable | | $2,761,492 |
| 32. | Colentra Leasing Enterprises Ltd | Colentra Leasing Enterprises Ltd<br>Attn: Mr. Viktor Lebed - Chairman<br>30 Karpenisiou<br>Nicosia,<br>Cyprus<br><br>Phone: 35725580490<br>Fax: 357.255.804.90<br>Email: Colentra@Spidernet.Com.Cy | Customer Deposit | | $2,149,008 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 33. | Itochu Aviation Inc | Itochu Aviation Inc<br>Attn: Claire Hanna - Sr. Manager<br>Suite 2200, 222 N. Sepulveda<br>El Segundo, CA  90245<br>United States<br><br>Phone: 316-688-5115<br>Fax: 316.655.9368<br>Email: Nobu@Iaj.Co.Jp | Customer Deposit | | $2,102,685 |
| 34. | Be Aerospace Consumables Management | Be Aerospace Consumables Management<br>Attn: Wayne Exton - Group Vice President<br>9100 Northwest 105Th Circle<br>Miami, FL  33178<br>United States<br><br>Phone: 305-459-7105<br>Fax: 305.459.7191<br>Email: Wayne_Exton@Beaerospace.Com | Trade Payable | | $1,633,602 |
| 35. | Airviaggi San Raffaele S.R.1. | Airviaggi San Raffaele S.R.1.<br>Attn: Dr. Mario Cal - President<br>Via Olgettina North 60<br>Milan,   20132<br>Italy<br><br>Phone: +49 02 2643 2643<br>Fax: 011-8609125 | Customer Deposit | | $1,530,000 |
| 36. | Fokker Elmo Bv | Fokker Elmo Bv<br>Attn: Adriaan Leyte - President<br>Postbus 75<br>Hoogerheide,  Noord-Holland,  4630 AB<br>Netherlands<br><br>Phone: 31-0164-617-768<br>Fax: 31-164-61-77-00 | Trade Payable | | $1,523,251 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 37. | Dassault Systemes Americas Corp | Dassault Systemes Americas Corp<br>Attn: Bob Waddell  -<br>10330 David Taylor Rd<br>Charlotte, NC  28262<br>United States<br><br>Phone: 704-236-1426<br>Email: Robert.Waddell@3Ds.Com | Trade Payable | | $1,513,231 |
| 38. | North Slope Borough | North Slope Borough<br>P.O. Box 69<br>Barrow, AK  99723 | Customer Deposit | | $1,504,851 |
| 39. | Satyam Computer Services LTD | Satyam Computer Services LTD<br>Attn: C. P. Gurnani - Chief Executive Officer<br>Unit-12, Plot No. 35/36<br>Hyderabad, Andhra Pradesh,   500 081<br>India<br><br>Phone: +91-40-3063-6363<br>Fax: +91-40-4022-4122 | Trade Payable | | $1,493,149 |
| 40. | Global Parts Inc | Global Parts Inc<br>Attn: Troy T. Palmer - Chief Executive Officer<br>901 Industrial Rd<br>Augusta, KS  67010<br>United States<br><br>Phone: 316-733-9240<br>Fax: 316-462-0500<br>Email: Roypalmer@Globalparts.Aero | Trade Payable | | $1,475,531 |
| 41. | The Highland Consulting Group Inc | The Highland Consulting Group Inc<br>933 South Talbot Street Suite 15<br>Saint Michaels, MD  21663<br>United States | Trade Payable | | $1,343,533 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 42. | Aviaservice International, N.V. | Aviaservice International, N.V. Attn: Istvan (Steve) Von Fedak - Excutive Vice President Pareraweg 45 Americorp Building Willemstad, Curacao, Netherlands<br><br>Phone: 599 9 4343500 Fax: 582129754939 Email: Lvfedak@Gmail.Com | Customer Deposit | | $1,328,830 |
| 43. | Hamilton Sundstrand Corporation | Hamilton Sundstrand Corporation Attn: Michael Dumais - President 1 Hamilton Rd. Windsor Lock, CT  6095 United States<br><br>Phone: 860-654-6000 | Trade Payable | | $1,208,116 |
| 44. | Am Castle & Co | Am Castle & Co Attn: James Callan - President 1420 Kensington Rd Ste 220 Oak Brook, IL  60523 United States<br><br>Phone: 847-349-2246 Fax: 847-455-0587 | Trade Payable | | $1,206,874 |
| 45. | Aircell Inc. | Aircell Inc. Attn: Ronald Lemay - Chief Executive Officer 1172 W Century Dr Louisville , CO  80027 United States<br><br>Phone: (303) 379-0234 | Trade Payable | | $1,179,695 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 46. | Pilatus Aircraft Ltd | Pilatus Aircraft Ltd Attn: Oskar Bruendler - Senior Vice President, Special Projects, Audit & Compliance P.O. Box 992 Stans,  6371 Switzerland Phone: +41 41 619 66 40 Fax: +41 41 619 73 36 Email: Obruendler@Pilatus-Aircraft.Com | Trade Payable | | $1,174,024 |
| 47. | CE Machine Co Inc | CE Machine Co Inc Attn: Brian Eck - Chief Executive Officer 1741 S. Hoover Ct Wichita, KS  67209 United States Phone: 316-942-0411 Fax: 316-942-0011 Email: Brian@Cemachine.Com | Trade Payable | | $1,162,452 |
| 48. | Air Routing Card Services LP | Air Routing Card Services LP Attn: Clay Jones - Chief Executive Officer 400 Collins Rd NE Cedar Rapid, LA  82498 United States Fax: 319-295-4941 | Trade Payable | | $1,143,463 |
| 49. | Topstone Investment Corp | Topstone Investment Corp Attn: Adriana Porto Dias - Whitehall House - 238 North Church Street - 3Rd Fl Po Box 1334-Ky-1-1108 George Town Grand Cayman, Cayman Islands Phone: 55 559130843038 Email: Adrianadias@Hpd.Com.Br | Customer Deposit | | $1,031,650 |

| | Name of Creditor | Complete mailing address, and employee, agents, or department familiar with claim | Nature of claim (trade debt, bank loan, government contracts, etc.) | Indicate if claim is contingent, unliquidated, disputed, or subject to set off | Amount of claim (if secured, also state value of security) |
|---|---|---|---|---|---|
| 50. | Himalyaputra Aviation Limited | Himalyaputra Aviation Limited Attn: Sankalp Garg - Sector 128, District Gautam Budh Nagar Uttar Pradesh,   201304 India<br><br>Phone: +91 120 460 9000 Fax: +91 120 460 9783 | Customer Deposit | | $1,000,000 |

## DECLARATION UNDER PENALTY
## <u>OF PERJURY ON BEHALF OF CORPORATION</u>

Pursuant to 28 U.S.C. § 1746, I, KJ Tjon, the duly qualified and authorized signatory of Hawker Beechcraft, Inc., declare under penalty of perjury that I have reviewed the Consolidated List of Creditors Holding the 50 Largest Unsecured Claims and that it is true and correct to the best of my information and belief.


Dated:  May 3, 2012                              */s/ KJ Tjon*
                                                  KJ Tjon
                                                  Authorized Signatory

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HAWKER BEECHCRAFT, INC., | ) Case No. 12-_____ (___) |
| | ) |
| Debtor. | ) |
| | ) |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder[2] | Percentage of Equity Held |
|---|---|---|---|
| Hawker Beechcraft, Inc. | GS Capital Partners and its affiliated funds | GS Capital Partners VI Fund, L.P. c/o GS Capital Partners 200 West Street, 28th Floor New York, New York 10282 | 49% |
| | Onex Investment Corp. and its affiliated funds | Onex Partners II, L.P. c/o Onex Investment Corp. 712 Fifth Avenue New York, New York 10019 | 49% |
| | Don Alvord | | <1.0% |
| | Jeff Anastas | | <1.0% |
| | Sid Anderson | | <1.0% |
| | Paul Archiopoli | | <1.0% |
| | Ian Atkinson | | <1.0% |
| | Brian Barents | | <1.0% |
| | Kent Barnes | | <1.0% |
| | Jeff Blose | | <1.0% |
| | Bob Blouin | | <1.0% |
| | Bill Boisture | | <1.0% |
| | Zan Borders | | <1.0% |
| | Bill Brown | | <1.0% |
| | Paresh Buch | | <1.0% |
| | Simon Caldecott | | <1.0% |
| | Jim Christiansen | | <1.0% |
| | Don Cook | | <1.0% |
| | David Coppock | | <1.0% |
| | Allen Couture | | <1.0% |
| | Lance Crawford | | <1.0% |
| | Steven Davison | | <1.0% |
| | Don Dwyer | | <1.0% |
| | Fred Eilts | | <1.0% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of the chapter 11 case.

[2] Due to privacy concerns, the debtor has withheld the personal address information for certain of the below-listed equity interest holders, but are willing to disclose it on a confidential basis.

| Debtor | Equity Holders | Address of Equity Holder[2] | Percentage of Equity Held |
|---|---|---|---|
| | Mike Ellis | | <1.0% |
| | Shane Ellis | | <1.0% |
| | Richard Emery | | <1.0% |
| | Bobbi Erb | | <1.0% |
| | Kim Ernzen | | <1.0% |
| | Ted Farid | | <1.0% |
| | Justin Firestone | | <1.0% |
| | Paul Estate Fischer | | <1.0% |
| | Jim Funk | | <1.0% |
| | Jay Gibson | | <1.0% |
| | Marc Grenier | | <1.0% |
| | Doug Griswold | | <1.0% |
| | Lisa Haffner | | <1.0% |
| | Dave Hammond | | <1.0% |
| | Mike Hammond | | <1.0% |
| | Terry Harrell | | <1.0% |
| | Brad Hatt | | <1.0% |
| | Dominique Hedon | | <1.0% |
| | Jimmy Helmick | | <1.0% |
| | Tom Hilpert | | <1.0% |
| | Mike Hinderberger | | <1.0% |
| | Rod Holter | | <1.0% |
| | Mike Hull | | <1.0% |
| | Rich Jiwanlal | | <1.0% |
| | Paul Jonas | | <1.0% |
| | Bill Jones | | <1.0% |
| | Dean Jones | | <1.0% |
| | Dan Keady | | <1.0% |
| | Ron King | | <1.0% |
| | Jim Knight | | <1.0% |
| | Mike Langston | | <1.0% |
| | Gail Lehman | | <1.0% |
| | Kerry Masher | | <1.0% |
| | Jim Maslowski | | <1.0% |
| | Charles Mayer | | <1.0% |
| | Sean McGeough | | <1.0% |
| | Brad McKeage | | <1.0% |
| | Tom McKinney | | <1.0% |
| | Heidi McNary | | <1.0% |
| | John Meehan | | <1.0% |
| | Russ Meyer, III | | <1.0% |
| | Noell Michaels | | <1.0% |
| | Leo Mullin | | <1.0% |
| | Keith Nadolski | | <1.0% |
| | George Nguyen | | <1.0% |
| | Jim Noonan | | <1.0% |
| | Ed Petkus | | <1.0% |
| | Gary Pickett | | <1.0% |
| | Scott Plumb | | <1.0% |
| | Vince Restivo | | <1.0% |
| | Dave Rosenberg | | <1.0% |
| | Jim Schuster | | <1.0% |

| Debtor | Equity Holders | Address of Equity Holder[2] | Percentage of Equity Held |
|--------|----------------|------------------------------|---------------------------|
| | Doug Scott | | <1.0% |
| | George Sellew | | <1.0% |
| | Scott Shepherd | | <1.0% |
| | Bob Sill | | <1.0% |
| | Alexander L.W. Snyder | | <1.0% |
| | Brad Stancil | | <1.0% |
| | Christi Tannahill | | <1.0% |
| | Daryl Taylor | | <1.0% |
| | Gina E. Vascsinec | | <1.0% |
| | Shawn Vick | | <1.0% |
| | Mike Viscosi | | <1.0% |
| | Peter Walker | | <1.0% |
| | Brad Widmann | | <1.0% |
| | Andy Yacenda | | <1.0% |

## DECLARATION UNDER PENALTY OF PERJURY

I, KJ Tjon, the undersigned authorized signatory Hawker Beechcraft, Inc., named as the debtor in this case, declare under penalty of perjury that I have read the foregoing list of equity security holders and that it is true and correct to the best of my information and belief.


Dated:  May 3, 2012                    */s/ KJ Tjon*
                                       KJ Tjon
                                       Authorized Signatory

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| HAWKER BEECHCRAFT, INC., | ) |
| | ) Case No. 12-_____ (___) |
| Debtor. | ) |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure and Rule 1007-3 of the Local Bankruptcy Rules for the Southern District of New York, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| GS Capital Partners and its affiliated funds | 49% |
| Onex Investment Corp. and its affiliated funds | 49% |

## DECLARATION UNDER PENALTY OF PERJURY

I, KJ Tjon, the undersigned authorized signatory of Hawker Beechcraft, Inc., the debtor in this case, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated:  May 3, 2012            */s/ KJ Tjon*
                               KJ Tjon
                               Authorized Signatory

# HAWKER BEECHCRAFT, INC.

## CERTIFICATE

I, Alexander L. W. Snyder, Vice President, General Counsel and Secretary of Hawker

Beechcraft, Inc. (the "Company" or "Holdings"), a corporation organized under the laws of the

State of Delaware, hereby certify that, at its meeting on May 3, 2012, the Board of Directors

adopted the following preambles and resolutions, and I further certify that such preambles and

resolutions have not been amended or rescinded, and are in full force and effect:

**WHEREAS**, the Board considered presentations by the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's business;

**WHEREAS**, the Board has had the opportunity to consult with the management and the financial and legal advisors of the Company and fully consider each of the strategic alternatives available to the Company;

**WHEREAS**, in connection with the Chapter 11 Cases (as defined herein), the Company has negotiated a restructuring support agreement (the "Restructuring Support Agreement"), by and among the Company, certain of its domestic subsidiaries, the Consenting Senior Secured Lenders, and the Consenting Senior Noteholders (as such terms are defined in the Restructuring Support Agreement), which Restructuring Support Agreement was circulated to the Board in advance and discussed by the Board at the meeting;

**WHEREAS**, the Board desires to approve the following resolutions.

**NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company and its subsidiaries, its creditors and other parties in interest, that the Company and certain of its subsidiaries[1] shall be and hereby are authorized and directed to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's subsidiaries, collectively, the

---

[1]    Arkansas Aerospace, Inc. (7496); Beech Aircraft Corporation (0487); Beechcraft Aviation Company (3548); Hawker Beechcraft Acquisition Company, LLC (8770); Hawker Beechcraft Corporation (5770); Hawker Beechcraft Defense Company, LLC (5891); Hawker Beechcraft Finance Corporation (8763); Hawker Beechcraft Global Customer Support Corporation (7338); Hawker Beechcraft Holding, Inc. (6044); Hawker Beechcraft International Delivery Corporation (6640); Hawker Beechcraft International Holding LLC (6757); Hawker Beechcraft International Service Company (9173); Hawker Beechcraft Notes Company (0498); Hawker Beechcraft Quality Support Company (7800); Hawker Beechcraft Regional Offices, Inc. (3889); HBC, LLC (N/A); and Rapid Aircraft Parts Inventory and Distribution Company, LLC (N/A).

"Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**RESOLVED FURTHER**, that Chief Executive Officer, Chief Financial Officer, General Counsel, President, any Vice President, Treasurer, Secretary, or any other officers of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business;

**RESOLVED FURTHER**, that, upon consideration and a vote of the Board by directors Mr. Robert S. Miller, Mr. Don Cook, and Mr. Brian Barents, which vote did not include directors Mr. Sanjeev Mehra, Mr. Jack Daly, Mr. Leo Mullin, Mr. Seth Mersky, and Mr. David Hirsch, the Board authorizes the Authorized Officers to take all actions (including, without limitation, to negotiate and execute any agreements, documents and certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Chapter 11 Cases and that the Company's performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP and its affiliated entity Kirkland & Ellis International LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP and its affiliated entity Kirkland & Ellis International LLP;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Perella Weinberg Partners LP as investment banker and financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Perella Weinberg Partners LP;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Alvarez & Marsal North America, LLC as restructuring advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate

retainers and to cause to be filed appropriate applications for authority to retain the services of Alvarez & Marsal North America, LLC;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Epiq Bankruptcy Solutions, LLC as notice, claims, and balloting agent to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed appropriate applications for authority to retain the services of Epiq Bankruptcy Solutions, LLC;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors and other professionals and to take and perform any and all further acts and deeds that the Authorized Officers deem necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case;

**RESOLVED FURTHER**, that the Company, as debtor and debtor-in-possession under the Chapter 11 Cases shall be, and hereby is, authorized by the Board to: (a) undertake any and all transactions contemplated in the Debtor-In-Possession Credit Agreement (as may be amended, supplemented or modified from time to time, together with the exhibits, schedules and annexes thereto, the "DIP Credit Agreement"; capitalized terms used in this paragraph but not otherwise defined have the meanings ascribed to them in the DIP Credit Agreement), among Holdings, Hawker Beechcraft Acquisition Company, LLC (the "Borrower"), the Subsidiaries of Holdings listed on the signature pages thereto and debtors-in-possession under Chapter 11 of the Bankruptcy Code and each other Subsidiary of Holdings that, from time to time, becomes a party thereto, the Lenders party thereto, the Issuing Bank named therein, Credit Suisse AG, Cayman Islands Branch, as administrative agent and collateral agent for the Lenders thereunder (in such capacities, the "Agent"), and the other parties from time to time party thereto, on substantially the terms and subject to the conditions described at this meeting and as set forth in the DIP Credit Agreement or as may hereafter be fixed or authorized by the Board or the Authorized Officers; (b) borrow funds from, request the issuance of letters of credit, provide guaranties to and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions" and each such transaction a "Financing Transaction") with such lenders and on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the continuing conduct of the affairs of the Company; (c) finalize the DIP Credit Agreement, Financing Transactions and term sheets, consistent in all material respect with those

3

that have been presented to and reviewed by the Board; and (d) pay related fees and grant security interests in and liens upon some, all or substantially all of the Company's assets, as may be deemed necessary by any one or more of the Authorized Officers in connection with such borrowings;

**RESOLVED FURTHER**, that each of the Authorized Officers, acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute and file all such instruments and documents and "Loan Documents" (as defined in the DIP Credit Agreement) (collectively, the "DIP Loan Documents"), and other agreements, certificates, contracts, bonds, documents, disclosure documents, instruments, receipts, petitions, motions or other papers, incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Credit Agreement and DIP Loan Documents, which determination shall be conclusively evidenced by his or their execution or delivery thereof, and to the extent any such payments have been made to date, any and all such payments are hereby ratified, approved and confirmed in all respects;

**RESOLVED FURTHER**, that the form, terms and provisions of the DIP Credit Agreement and each of the other DIP Loan Documents, in substantially the form submitted to the Board, be, and the same hereby are in all respects approved, and that any Authorized Officers or other officer of the Company is hereby authorized and empowered, in the name of and on behalf of the Company, to execute and deliver and to execute and file each of the DIP Loan Documents to which the Company is a party, each in the form or substantially in the form thereof submitted to the Board, with such changes, additions and modifications thereto as the officer of the Company executing the same shall approve, such approval to be conclusively evidenced by such officer's execution and delivery thereof;

**RESOLVED FURTHER**, that each of the Authorized Officers (and their designees), acting alone, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Company to take any and all such actions, and to execute and deliver or cause to be executed and delivered or to execute and file under seal of the Company or otherwise, any and all such other documents, agreements, certificates, writings, petitions, motions and instruments to be delivered in connection with the DIP Loan Documents (including, without limitation, any amendments, supplements or modifications to the DIP Loan Documents and such other documents, agreements (including, without limitation, security agreements, mortgages and guarantees), certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Company now or hereafter acquired as contemplated by the DIP Loan Documents, with full authority to indorse, assign or guarantee any of the foregoing in the name of the Company, in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, and his or her execution and delivery thereof to be conclusive evidence that he or she deems it necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and directed, and each of them, acting alone, hereby is, authorized, directed and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute and deliver and to execute and file (a) the DIP Loan Documents and such agreements (including, without limitation, security agreements, mortgages and guarantees), certificates, instruments, notices and any and all other documents as the Authorized Officers may deem necessary or appropriate to facilitate the Financing Transactions (collectively, the "Financing Documents"); (b) such other instruments, certificates, notices, assignments, petitions, motions and documents as may be reasonably requested by the Lender; and (c) such forms of deposit and securities account control agreements, officer's certificates and compliance certificates as may be required by the DIP Loan Documents or any other Financing Documents; and to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Loan Documents and the Financing Documents;

**RESOLVED FURTHER**, that the Authorized Officers and each other officer of the Company be, and each of them hereby is, authorized and empowered to authorize the Lender to file any Uniform Commercial Code (the "UCC") financing statements and any necessary assignments for security or other documents in the name of the Company that the Lender deems necessary or convenient to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the Lender may reasonably request to perfect the security interests of the Lender on behalf of itself and the other secured parties under the DIP Loan Documents;

**RESOLVED FURTHER**, that each of the Authorized Officers be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the other DIP Loan Documents or any of the Financing Documents, and to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers or documents, which shall in their sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by his or their execution thereof;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, empowered and directed to use in connection with the Company's Chapter 11 Cases any cash collateral, with or without the consent or support of any counterparties to any agreement or order related to any such cash collateral, including agreement(s) that may require the Company to grant liens and pay interest to the Company's existing lender(s), and to take such additional action and to execute and deliver each other agreement, instrument or document to be executed and delivered by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as the Authorized Officers approve, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

5

**RESOLVED FURTHER**, that the Company will obtain benefits from the incurrence of the loans under the DIP Credit Agreement by the Borrower and the occurrence and consummation of the Financing Transactions under the DIP Loan Documents and the transactions under the Financing Documents, which are necessary and convenient to the conduct, promotion and attainment of the business of the Company;

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**RESOLVED FURTHER**, that all members of the Board of the Company have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice;

**RESOLVED FURTHER**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board; and

**RESOLVED FURTHER**, that the Authorized Officers be and hereby are authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member or managing member of each direct subsidiary of the Company, in each case, as such Authorized Officer shall deem necessary or desirable in such Authorized Officers reasonable business judgment, including without limitation the authorization of resolutions and agreements necessary to authorize the execution, delivery and performance pursuant to any DIP Loan Documents (including affidavits, notices, reaffirmations and amendments and restatements of existing documents) as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

May 3, 2012

Alexander L. W. Snyder
Vice President, General Counsel and Secretary


(SEAL)