James H.M. Sprayregen, P.C.
Paul M. Basta, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Patrick J. Nash, Jr. , P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Counsel to the Reorganized Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HAWKER BEECHCRAFT, INC., *et al.*,[1] | ) | Case No. 12-11873 (SMB) |
| | ) | |
| Reorganized Debtors. | ) | (Jointly Administered) |
| | ) | |

**CERTIFICATE OF NO OBJECTION AND NOTICE OF FILING OF REVISED
PROPOSED ORDER REGARDING THE REORGANIZED DEBTORS' MOTION FOR
ENTRY OF AN ORDER (A) APPROVING OMNIBUS CLAIMS OBJECTION
PROCEDURES, (B) AUTHORIZING THE REORGANIZED DEBTORS TO FILE
SUBSTANTIVE OMNIBUS OBJECTIONS TO CLAIMS PURSUANT TO
BANKRUPTCY RULE 3007(c), AND (C) WAIVING THE REQUIREMENT OF
BANKRUPTCY RULE 3007(e)(6) [DOCKET NO. 1384]**

---

[1]    The Reorganized Debtors in the chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Hawker Beechcraft, Inc. (2598); Arkansas Aerospace, Inc. (7496); Beech Aircraft Corporation (0487); Beechcraft Aviation Company (3548); Hawker Beechcraft Acquisition Company, LLC (8770); Hawker Beechcraft Corporation (5770); Hawker Beechcraft Defense Company, LLC (5891); Hawker Beechcraft Finance Corporation (8763); Hawker Beechcraft Global Customer Support Corporation (7338); Hawker Beechcraft Holding, Inc. (6044); Hawker Beechcraft International Delivery Corporation (6640); Hawker Beechcraft International Holding LLC (6757); Hawker Beechcraft International Service Company (9173); Hawker Beechcraft Notes Company (0498); Hawker Beechcraft Quality Support Company (7800); Hawker Beechcraft Regional Offices, Inc. (3889); HBC, LLC (N/A); and Rapid Aircraft Parts
(Continued…)

**PLEASE TAKE NOTICE** that on March 15, 2013, the above-captioned reorganized debtors and debtors in possession (collectively, the "Reorganized Debtors") filed the *Reorganized Debtors' Motion for Entry of an Order (A) Approving Omnibus Claims Objection Procedures, (B) Authorizing the Reorganized Debtors to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c), and (C) Waiving the Requirement of Bankruptcy Rule 3007(e)(6)* [Docket No. 1384] (the "Motion").[1]

**PLEASE TAKE FURTHER NOTICE** that pursuant to the *Notice of Presentment of the Reorganized Debtors' Motion for Entry of an Order (A) Approving Omnibus Claims Objection Procedures, (B) Authorizing the Reorganized Debtors to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c), and (C) Waiving the Requirement of Bankruptcy Rule 3007(e)(6)* [Docket No. 1385] (the "Notice of Presentment"), filed with the Motion, objections to the Motion were to be filed and served no later than March 29, 2013 at 11:30 a.m. (prevailing Eastern Time).

**PLEASE TAKE FURTHER NOTICE** that on March 27, 2013, Donald Minge and David Kiehl filed an objection to the Motion [Docket No. 1435] (the "Objection"). The Reorganized Debtors and Donald Minge and David Kiehl agreed to consensually resolve the Objection through the addition of certain language to the proposed order granting the Motion (a

---

Inventory and Distribution Company, LLC (N/A). The location of the Reorganized Debtors' corporate headquarters and the Reorganized Debtors' service address is: 10511 East Central, Wichita, Kansas 67206.

[1] The Motion and all other pleadings filed in these chapter 11 cases (collectively, the "Pleadings") are filed with the United States Bankruptcy Court for the Southern District of New York (the "Court") and also are available for free online at http://dm.epiq11.com/HBC. Copies of the Pleadings can also be obtained upon written request to Epiq Bankruptcy Solutions, LLC, the Reorganized Debtors' noticing and claims agent at the following addresses: (a) by first-class mail - Hawker Beechcraft, Inc., c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5285, New York, New York 10150-5285; or (b) by hand delivery or overnight mail - Hawker Beechcraft, Inc., c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017. You may also obtain copies of any pleadings filed in the chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

K&E 25681593.1

copy of which was attached as Exhibit A to the Motion).  On April 3, 2013, Donald Minge and

David Kiehl withdrew the Objection [Docket No. 1462].  The undersigned further certifies that

he has reviewed the Court's docket in the chapter 11 cases and no other objection to the Motion

appears thereon.

      **PLEASE TAKE FURTHER NOTICE** that the Reorganized Debtors hereby file a

revised proposed *Order (A) Approving Omnibus Claims Objection Procedures, (B) Authorizing*

*the Reorganized Debtors to File Substantive Omnibus Objections to Claims Pursuant to*

*Bankruptcy Rule 3007(c), and (C) Waiving the Requirement of Bankruptcy Rule 3007(e)(6),*

attached hereto as **Exhibit A** (the "Revised Proposed Order"), reflecting the compromise reached

by the Reorganized Debtors and Donald Minge and David Kiehl.

      **PLEASE TAKE FURTHER NOTICE** that a redline containing the changes between

the proposed order filed with the Motion and the Revised Proposed Order is attached hereto as

**Exhibit B**.

Dated:  April 3, 2013           */s/ Ross M. Kwasteniet*
      New York, New York       James H.M. Sprayregen, P.C.
                         Paul M. Basta
                         KIRKLAND & ELLIS LLP
                         601 Lexington Avenue
                         New York, New York 10022
                         Telephone:   (212) 446-4800
                         Facsimile:   (212) 446-4900

                           - and -

                         Patrick J. Nash, Jr., P.C (admitted *pro hac vice*)
                         Ross M. Kwasteniet (admitted *pro hac vice*)
                         KIRKLAND & ELLIS LLP
                         300 N. LaSalle
                         Chicago, Illinois 60654
                         Telephone:   (312) 862-2000
                         Facsimile:   (312) 862-2200

                         Counsel to the Reorganized Debtors and Debtors
                         in Possession

# EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HAWKER BEECHCRAFT, INC., *et al.*,[1] | ) | Case No. 12-11873 (SMB) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER (A) APPROVING OMNIBUS CLAIMS OBJECTION PROCEDURES, (B) AUTHORIZING THE REORGANIZED DEBTORS TO FILE SUBSTANTIVE OMNIBUS OBJECTIONS TO CLAIMS PURSUANT TO BANKRUPTCY RULE 3007(c), AND (C) WAIVING THE REQUIREMENT OF BANKRUPTCY RULE 3007(e)(6)

Upon the motion (the "Motion")[2] of above-captioned reorganized debtors and debtors in possession (collectively, the "Reorganized Debtors") for entry of an order (this "Order") (a) approving the objection procedures outlined herein, (b) authorizing the Reorganized Debtors to assert substantive objections to claims (including administrative expense requests) in an omnibus format pursuant to Bankruptcy Rule 3007(c), and (c) waiving the requirement in Bankruptcy Rule 3007(e)(6) that omnibus objections contain objections to no more than 100 claims, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

---

[1]    The Reorganized Debtors in the chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Hawker Beechcraft, Inc. (2598); Arkansas Aerospace, Inc. (7496); Beech Aircraft Corporation (0487); Beechcraft Aviation Company (3548); Hawker Beechcraft Acquisition Company, LLC (8770); Hawker Beechcraft Corporation (5770); Hawker Beechcraft Defense Company, LLC (5891); Hawker Beechcraft Finance Corporation (8763); Hawker Beechcraft Global Customer Support Corporation (7338); Hawker Beechcraft Holding, Inc. (6044); Hawker Beechcraft International Delivery Corporation (6640); Hawker Beechcraft International Holding LLC (6757); Hawker Beechcraft International Service Company (9173); Hawker Beechcraft Notes Company (0498); Hawker Beechcraft Quality Support Company (7800); Hawker Beechcraft Regional Offices, Inc. (3889); HBC, LLC (N/A); and Rapid Aircraft Parts Inventory and Distribution Company, LLC (N/A).  The location of the Reorganized Debtors' corporate headquarters and the Reorganized Debtors' service address is:  10511 East Central, Wichita, Kansas 67206.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

§ 157(b); and venue being proper in this district pursuant to 28 U.S.C. § 1408; and it appearing

that the relief requested in the Motion is in the best interest of the Reorganized Debtors, their

estates and creditors, and all other parties in interest; and notice of the Motion appearing

adequate and appropriate under the circumstances; and the Court having found that no other or

further notice need be provided; and the Court having reviewed the Motion; and the Court

having determined that the legal and factual bases set forth in the Motion establish just cause for

the relief granted herein; and any objections to the relief requested herein having been withdrawn

or overruled on the merits; and after due deliberation and sufficient cause appearing therefor, it is

HEREBY ORDERED THAT:

1.    The Motion is granted to the extent set forth herein.

2.    Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy

Rules, or the Local Bankruptcy Rules, and pursuant to Bankruptcy Rule 3007(c), the

Reorganized Debtors may file Omnibus Objections that include objections to claims (including

administrative expense requests) on any basis provided for in Bankruptcy Rule 3007(d) and/or

the Additional Grounds, *provided*, *that*, the Reorganized Debtors shall not object to any personal

injury or wrongful death claims on the bases of the Additional Grounds.

3.    Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy

Rules, or the Local Bankruptcy Rules, the Reorganized Debtors may object to more than 100

claims in a single Omnibus Objection.

4.    The Reorganized Debtors shall file and prosecute any Omnibus Objections in

accordance with the Objection Procedures attached hereto as **Exhibit 1**, which are approved, and

the other procedural safeguards set forth in Bankruptcy Rule 3007(e)(1) through (e)(5).

5.    The form of Objection Notice attached hereto as **Exhibit 2** is approved.

6.      Nothing in this Order or in the Motion is, or shall be deemed to constitute, any admission as to the validity, nature, amount, or priority of any claim asserted against the Reorganized Debtors in the chapter 11 cases, or a waiver of any right of the Reorganized Debtors to dispute the validity, nature, amount, or priority of, or otherwise object, either in the same or subsequent objections, on any grounds to any such claims.

7.      Notwithstanding anything to the contrary herein, or in the Objection Procedures, the Objection Procedures shall not apply to any claims filed by Donald Minge and David Keihl, and Donald Minge and David Keihl are specifically excluded from any requirements set forth in the Objection Procedures.   For the avoidance of doubt, the Reorganized Debtors' rights to dispute the validity, nature, amount, or priority of, or otherwise object to any claims filed by Donald Minge and David Keihl are expressly reserved but any such objection shall not be included in an omnibus objection.

8.      The Motion satisfies the requirements of Local Bankruptcy Rule 9013-1(b).

9.      The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.      The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon entry hereof.

11.      To the extent any provision of this order is inconsistent with any provision of the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 183], this order shall govern in all respects.

      12.     The Court retains jurisdiction with respect to all matters arising from or related to

the implementation of this Order.

Dated: _____, 2013
      New York, New York

                              _____
                              Stuart M. Bernstein
                              United States Bankruptcy Judge

# EXHIBIT 1

**Objection Procedures**

James H.M. Sprayregen, P.C.
Paul M. Basta, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Counsel to the Reorganized Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| HAWKER BEECHCRAFT, INC., *et al.*,[1] | Case No. 12-11873 (SMB) |
| Reorganized Debtors. | Jointly Administered |

**PROCEDURES FOR FILING OMNIBUS CLAIMS OBJECTIONS**

On March 15, 2013, the above-captioned reorganized debtors and debtors in possession

(collectively, the "Reorganized Debtors") filed the *Reorganized Debtors' Motion for Entry of an*

---

[1]    The Reorganized Debtors in the chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Hawker Beechcraft, Inc. (2598); Arkansas Aerospace, Inc. (7496); Beech Aircraft Corporation (0487); Beechcraft Aviation Company (3548); Hawker Beechcraft Acquisition Company, LLC (8770); Hawker Beechcraft Corporation (5770); Hawker Beechcraft Defense Company, LLC (5891); Hawker Beechcraft Finance Corporation (8763); Hawker Beechcraft Global Customer Support Corporation (7338); Hawker Beechcraft Holding, Inc. (6044); Hawker Beechcraft International Delivery Corporation (6640); Hawker Beechcraft International Holding LLC (6757); Hawker Beechcraft International Service Company (9173); Hawker Beechcraft Notes Company (0498); Hawker Beechcraft Quality Support Company (7800); Hawker Beechcraft Regional Offices, Inc. (3889); HBC, LLC (N/A); and Rapid Aircraft Parts Inventory and Distribution Company, LLC (N/A).  The location of the Reorganized Debtors' corporate headquarters and the Reorganized Debtors' service address is:  10511 East Central, Wichita, Kansas 67206.

*Order (a) Approving Omnibus Claims Objection Procedures, (b) Authorizing the Reorganized Debtors to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (c) Waiving the Requirement of Bankruptcy Rule 3007(e)(6)* [Docket No. 1384] (the "Motion")[2] with the United States Bankruptcy Court for the Southern District of New York (the "Court"). On [_____], 2013, the Court entered an order [Docket No. __] (the "Order") approving the Motion, including these omnibus objection procedures.

**Omnibus Objections**

1. <u>Grounds for Omnibus Objections</u>. In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Reorganized Debtors may file omnibus objections (each, an "Omnibus Objection") to claims on the grounds that such claims, in part or in whole:

   a. are inconsistent with the Reorganized Debtors' books and records;

   b. fail to specify the asserted claim amount (other than "unliquidated");

   c. seek recovery of amounts for which the Reorganized Debtors are not liable;

   d. are incorrectly or improperly classified;

   e. have been formally withdrawn by the claimant through the filing of a pleading or through the entry of a Court order indicating withdrawal of the claim;

   f. are filed against non-debtors or are filed against multiple Reorganized Debtors;

   g. fail to specify a Reorganized Debtor against whom the claim is asserted;

   h. are disallowed pursuant to section 502 of the Bankruptcy Code; or

   i. fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation therefore.

---

[2] All capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

2

The Reorganized Debtors shall not object to any personal injury or wrongful death claims on the bases of these additional grounds.

    2.    <u>Form of Omnibus Objection</u>.  Each Omnibus Objection will be numbered consecutively, regardless of basis.

    3.    <u>Supporting Documentation</u>.  To the extent appropriate, Omnibus Objections may be accompanied by an affidavit or declaration from someone with personal knowledge of the Reorganized Debtors' books and records and the manner in which they are maintained that states that the affiant or the declarant has reviewed the claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the claim on the Reorganized Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the claim.

    4.    <u>Claims Exhibits</u>.  An exhibit listing the claims that are subject to the particular Omnibus Objection will be attached thereto.  Each exhibit will include only the claims to which there is a common basis for the objection.  Claims for which there is more than one basis for the objection will be referenced on each exhibit applicable thereto.  The exhibits will include, without limitation, the following information alphabetized by claimant:

    a.    the claims that are the subject of the Omnibus Objection and, if applicable, proof of claim number related thereto from the claims register;

    b.    the asserted amount of the claim;

    c.    the grounds for the objection;

    d.    a cross-reference to the section of the Omnibus Objection discussing such claim; and

    e.    other information, as applicable, including:  (i) the proposed classification of claims the Reorganized Debtors seek to reclassify; (ii) the reduced claim amounts of claims the Reorganized Debtors

3

seek to reduce; or (iii) the surviving claims of claims the
Reorganized Debtors seek to expunge.

5.    <u>Objection Notice</u>.  Each Omnibus Objection will be accompanied by a customized

objection notice, substantially in the form annexed to the Order as <u>Exhibit 2</u>, (the "<u>Objection</u>

<u>Notice</u>"), tailored, as appropriate, to address a particular creditor, claim, or objection, which will:

    a.    describe the basic nature of the objection;

    b.    inform creditors that their rights may be affected by the objection;

    c.    describe the procedures for filing a written response (each, a
"<u>Response</u>") to the objection, including all relevant dates and
deadlines related thereto;

    d.    identify the hearing date, if applicable, and related information;
and

    e.    describe how copies of proofs of claim, the Omnibus Objection,
and other pleadings filed in the chapter 11 cases may be obtained.

6.    <u>Notice and Service</u>.  Each Omnibus Objection will be filed with the Court and

served upon (a) the affected claimant party set forth on the proof of claim or their respective

attorney of record, (b) counsel to the Post-Effective Date Committee, (c) the U.S. Trustee, and

(d) parties that have filed a request for service of papers under Bankruptcy Rule 2002.

7.    <u>Omnibus Hearings</u>.  Each Omnibus Objection shall be set for hearing no less than

30 days after service of the Omnibus Objection (the "<u>Hearing</u>").  In the Reorganized Debtors'

sole discretion, and after notice to the affected claimant, the Reorganized Debtors may adjourn

the Hearing on the Omnibus Objection to a subsequent hearing date.  For claims subject to an

Omnibus Objection and with respect to which either (a) no Response is filed in accordance with

the proposed response procedures, (b) no appearance is made at the Hearing, or (c) a Response is

filed in accordance with the proposed response procedures but such Response is resolved prior to

the Hearing, the Reorganized Debtors may request at the Hearing that the Court enter an order

granting the Omnibus Objection with respect to such claim.  The Hearing with respect to a contested claim for which (a) a Response is filed in accordance with the proposed response procedures but such Response is not resolved prior to the Hearing or (b) an appearance is made at the Hearing, will be automatically adjourned.  If such claims cannot be resolved and a hearing is determined to be necessary, the Reorganized Debtors shall file with the Court and serve on the affected claimants a notice of the hearing (the date of which shall be determined in consultation with the affected claimant(s)).

8.    Contested Matter.  Each claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to such claim. The Reorganized Debtors may, in their discretion and in accordance with other orders of this Court, the *Debtors' Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1255], or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, and validity of such contested claims without any further notice to or action, order, or approval of the Court.

**Responses to Omnibus Objections**

9.    Parties Required to File a Response.  Any party who disagrees with an objection is required to file a Response in accordance with the procedures set forth herein or appear at the Hearing.  If a claimant whose claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below or appear at the Hearing, the Court may grant the objection with respect to such claim without further notice to the claimant.

10.    Response Contents.  Each Response must contain the following (at a minimum):

    a.    a caption stating the name of the Court, the name of the Reorganized Debtors, the case number, and the Omnibus Objection to which the Response is directed;

b.      a concise statement setting forth the reasons why the Court should not grant the objection with respect to such claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c.      a copy of any other documentation or other evidence of the claim, to the extent not already included with the claim, upon which the claimant will rely in opposing the objection; *provided, however,* that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; and *provided, further,* that the claimant shall disclose to the Reorganized Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its claim, subject to appropriate confidentiality constraints;

d.      a declaration or other statement of a person with personal knowledge of the relevant facts that support the Response; and

e.      the following contact information for the responding party:

(i)      the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Reorganized Debtors should serve a reply to the Response, if any; or

(ii)     the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the objection on the claimant's behalf.

6

11.    <u>Filing and Service of the Response</u>.  A Response will be deemed timely only if it is filed with the Court and *actually received* by 4:00 p.m. (prevailing Eastern time) on the day that is twenty (20) calendar days from the date the Omnibus Objection is served (the "<u>Response Deadline</u>") by the following parties (the "<u>Notice Parties</u>"):

| Reorganized Debtors | Counsel to Reorganized Debtors |
|---|---|
| Hawker Beechcraft, Inc.<br>10511 East Central<br>Wichita, Kansas 67206<br>Attn:  Alexander Snyder and Steven Hall | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn:  Paul M. Basta and David S. Meyer<br>- and -<br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Attn: Patrick J. Nash, Jr., P.C. and<br>Ross M. Kwasteniet |
| **Counsel to the Post-Effective Date Committee** | **United States Trustee** |
| Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Attn:  Daniel H. Golden, David H. Botter, and Alexis Freeman | Office of the United States Trustee<br>for the Southern District of New York<br>33 Whitehall Street, 21st Floor<br>New York, New York 10004<br>Attn:  Paul K. Schwartzberg |

12.    <u>Discovery</u>.  If the Reorganized Debtors determine that discovery is necessary in advance of a hearing on an Omnibus Objection, the Reorganized Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.  In accordance with Rule 9014-2 of the Local Bankruptcy Rules of the Southern District of New York (the "<u>Local Bankruptcy Rules</u>"), the first hearing on any Omnibus Objection contested with respect a particular claim will not be an evidentiary hearing and there is no need for any witnesses to

appear at such hearing unless otherwise ordered by the Court in accordance with Local Bankruptcy Rule 9014-2.

13.     <u>Failure to Respond</u>.  A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at the Hearing.  **Absent reaching an agreement with the Reorganized Debtors resolving the objection to a claim (as described in the Objection Notice), failure to timely file and serve a Response as set forth herein or to appear at the Hearing may result in the Court granting the Omnibus Objection without further notice or hearing**.  Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

14.     <u>Reply to a Response</u>.  The Reorganized Debtors shall be permitted to file a reply to any Response no later than two business days before the hearing with respect to the relevant Omnibus Objection.

## **Miscellaneous**

15.     <u>Additional Information</u>.  Copies of these procedures, the Motion, or Order or any other pleadings (the "<u>Pleadings</u>") filed in the chapter 11 cases are available for free online at http://dm.epiq11.com/HBC.  Copies of the Pleadings may also be obtained upon written request to Epiq Bankruptcy Solutions, LLC, the Reorganized Debtors' noticing and claims agent at the following addresses:  (a) by first-class mail - Hawker Beechcraft, Inc., c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5285, New York, New York 10150-5285; or (b) by hand delivery or overnight mail - Hawker Beechcraft, Inc., c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017.  You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

8

16.    <u>Reservation of Rights</u>.    NOTHING IN ANY OMNIBUS OBJECTION OR OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE REORGANIZED DEBTORS TO DISPUTE ANY CLAIMS, ASSERT COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.    AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE NOTICE THEREOF AT SUCH TIME.

**<u>EXHIBIT 2</u>**

**Objection Notice**

James H.M. Sprayregen, P.C.
Paul M. Basta, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Counsel to the Reorganized Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HAWKER BEECHCRAFT, INC., *et al.*,[1] | ) | Case No. 12-11873 (SMB) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF REORGANIZED DEBTORS' [___] OMNIBUS CLAIMS OBJECTION**

**[Creditor Name] PLEASE TAKE NOTICE THAT:**

---

[1]    The Reorganized Debtors in the chapter 11 cases, along with the last four digits of each Reorganized Debtor's federal tax identification number, include: Hawker Beechcraft, Inc. (2598); Arkansas Aerospace, Inc. (7496); Beech Aircraft Corporation (0487); Beechcraft Aviation Company (3548); Hawker Beechcraft Acquisition Company, LLC (8770); Hawker Beechcraft Corporation (5770); Hawker Beechcraft Defense Company, LLC (5891); Hawker Beechcraft Finance Corporation (8763); Hawker Beechcraft Global Customer Support Corporation (7338); Hawker Beechcraft Holding, Inc. (6044); Hawker Beechcraft International Delivery Corporation (6640); Hawker Beechcraft International Holding LLC (6757); Hawker Beechcraft International Service Company (9173); Hawker Beechcraft Notes Company (0498); Hawker Beechcraft Quality Support Company (7800); Hawker Beechcraft Regional Offices, Inc. (3889); HBC, LLC (N/A); and Rapid Aircraft Parts Inventory and Distribution Company, LLC (N/A).  The location of the Reorganized Debtors' corporate headquarters and the Reorganized Debtors' service address is:  10511 East Central, Wichita, Kansas 67206.

> **YOU ARE RECEIVING THIS NOTICE BECAUSE HAWKER BEECHCRAFT, INC. AND CERTAIN OF ITS AFFILIATES, AS REORGANIZED DEBTORS AND DEBTORS IN POSSESSION (COLLECTIVELY, THE "REORGANIZED DEBTORS") ARE OBJECTING TO YOUR CLAIM(S) BY THE ATTACHED OBJECTION (THE "OBJECTION"). YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT, AS A RESULT OF THE OBJECTION, YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED OR OTHERWISE AFFECTED. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY.**

### Important Information Regarding the Objection

Grounds for the Objection. By the Objection, the Reorganized Debtors are seeking to [disallow/expunge/reclassify/reduce] your claim(s) listed in the table below on the grounds that your claim(s) [is/are] [___]. The claim(s) subject to the Objection may also be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

| Date Filed | Claim No. | Debtor | Asserted Claim Amount[2] | Basis For Objection | Proposed Treatment | Surviving Claim No. |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

Objection Procedures. On March [___], 2013, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. ___] approving procedures for filing and resolving objections to claims asserted against the Reorganized Debtors in the chapter 11 cases (the "Objection Procedures"). *Please review the Objection Procedures to ensure your response to the Objection, if any, is timely and correctly filed and served.*

### Resolving the Objection

Resolving Objections. To facilitate the consensual resolution of the Objection, certain of the Reorganized Debtors' personnel and advisors will be available to discuss and potentially resolve the Objection to disputed claims without the need for filing a formal response or attending a hearing. To facilitate such a discussion, please contact Jay Herriman at Alvarez & Marsal, restructuring advisor to the Reorganized Debtors, by (i) emailing jherriman@alvarezandmarsal.com or (ii) calling (248) 936-0860 within 20 calendar days after the date of this notice. Please have your proof(s) of claim and any related material available for any such discussions. *Please note that all legal matters will be referred to the Reorganized Debtors' attorneys.*

Parties Required to File a Response. If you are not able to consensually resolve the Objection filed with respect to your claim as set forth above, you must file a response (each, a

---

[2]    Asserted claim amounts listed as $0.00 reflect that the claim amount asserted is unliquidated.

"Response") with the Court in accordance with the procedures described below or appear at the Hearing (as defined herein).

Response Contents. Each Response must contain the following (at a minimum):

a.    a caption with the name of the Court, the name of the Reorganized Debtors, the case number and the title of the Objection to which the Response is directed;

b.    a concise statement setting forth the reasons why the Court should not grant the Objection with respect to your claim, including the specific factual and legal bases upon which you rely in opposing the Objection;

c.    copies of documentation or other evidence of your claim not previously filed with proof of such claim on which your Response is based (excluding confidential, proprietary, or other protected information, copies of which must be provided to the Reorganized Debtors' counsel, subject to appropriate confidentiality constraints, if any);

d.    a declaration or other statement of a person with personal knowledge of the relevant facts that support the Response; and

e.    the following contact information for the responding party:

(i)    the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Reorganized Debtors should serve a reply to the Response, if any; or

(ii)    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or resolve the Objection on your behalf.

Notice and Service.  Your Response must be filed with the Court and served so as to be *actually received* by 4:00 p.m. (prevailing Eastern time) on **[___], 2013** (the "Response Deadline") by the following parties (the "Notice Parties"):

| Reorganized Debtors | Counsel to Reorganized Debtors |
|---|---|
| Hawker Beechcraft, Inc. 10511 East Central Wichita, Kansas 67206 Attn:  Attn:  Alexander Snyder and Steven Hall | Kirkland & Ellis LLP 601 Lexington Avenue New York, New York 10022 Attn:  Paul M. Basta and David S. Meyer - and - Kirkland & Ellis LLP 300 North LaSalle Chicago, Illinois 60654 Attn:  Patrick J. Nash, Jr., P.C. and Ross M. Kwasteniet |
| **Counsel to the Post-Effective Date Committee** | **United States Trustee** |
| Akin Gump Strauss Hauer & Feld LLP One Bryant Park New York, NY 10036 Attn:  Daniel H. Golden, David H. Botter, and Alexis Freeman | Office of the United States Trustee for the Southern District of New York 33 Whitehall Street, 21st Floor New York, New York 10004 Attn:  Paul K. Schwartzberg |

Failure to Respond.  A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at the Hearing.  **Absent reaching an agreement with the Reorganized Debtors resolving the Objection to a claim, failure to (a) timely file and serve a Response as set forth herein or (b) appear at the Hearing may result in the Court granting the Objection without further notice or hearing**.  Upon entry of an order, affected creditors will be served with a notice of entry, and a copy, of the order.

## Hearing on the Objection

Date, Time and Location.  A hearing (the "Hearing") on the Objection will be held on [___], 2013, at [___] prevailing Eastern Time, before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, in Courtroom 723 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408.  The hearing may be adjourned to a subsequent date in these cases in the Court's or Reorganized Debtors' discretion.  **You must attend the Hearing if you disagree with the Objection and have filed a Response.**  The Hearing with respect to a contested claim for which (a) a Response is filed in accordance with the proposed response procedures but such Response is not resolved prior to the Hearing or (b) an appearance is made at the Hearing, will be automatically adjourned.  If such claims cannot be resolved and a hearing is determined to be necessary, the Reorganized Debtors shall file with the Court and serve on the affected claimants a notice of the hearing (the date of which shall be determined in consultation with the affected claimant(s)).

Discovery.  If the Reorganized Debtors determine that discovery is necessary in advance of a hearing on an Objection, the Reorganized Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.  In accordance with Rule 9014-2 of the Local Bankruptcy Rules of the Southern District of New York (the "Local Bankruptcy Rules"), the first hearing on any Omnibus Objection contested with respect a particular claim will not be an evidentiary hearing and there is no need for any witnesses to appear at such hearing unless otherwise ordered by the Court in accordance with Local Bankruptcy Rule 9014-2.

## Additional Information

Questions/Information.  Copies of the Objection Procedures and any other pleadings (collectively, the "Pleadings") filed in these chapter 11 cases are available for free online at http://dm.epiq11.com/HBC.  Copies of the Pleadings may also be obtained upon written request to Epiq Bankruptcy Solutions, LLC, the Reorganized Debtors' noticing and claims agent at the following addresses:  (a) by first-class mail - Hawker Beechcraft, Inc., c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5285, New York, New York 10150-5285; or (b) by hand delivery or overnight mail - Hawker Beechcraft, Inc., c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017.  You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.  Please note that questions regarding the amount of your claim should be directed to Jay Herriman at Alvarez & Marsal, as set forth above, and legal questions should be directed to (and will be referred by the foregoing parties to) the Reorganized Debtors' counsel, Kirkland & Ellis LLP.  **Please do not contact the Court to discuss the merits of claim or any Objection filed with respect thereto**.

## Reservation of Rights

**NOTHING IN ANY OBJECTION OR IN ANY OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE REORGANIZED DEBTORS TO DISPUTE ANY CLAIMS, ASSERT ANY COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO THE CLAIM (OR ANY OTHER CLAIMS OR CAUSES OF ACTION OF ANY CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT ALLOWS A CLAIM OR SPECIFICALLY ORDERS OTHERWISE) OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  IN SUCH EVENT, THE AFFECTED CLAIMANT WILL RECEIVE A SEPARATE NOTICE OF ANY SUCH OBJECTION.**

## **EXHIBIT B**

**Redline of Revised Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HAWKER BEECHCRAFT, INC., *et al.*,[1] | ) | Case No. 12-11873 (SMB) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER (A) APPROVING OMNIBUS CLAIMS**
**OBJECTION PROCEDURES, (B) AUTHORIZING THE**
**REORGANIZED DEBTORS TO FILE SUBSTANTIVE OMNIBUS**
**OBJECTIONS TO CLAIMS PURSUANT TO BANKRUPTCY RULE 3007(c),**
**AND (C) WAIVING THE REQUIREMENT OF BANKRUPTCY RULE 3007(e)(6)**

Upon the motion (the "Motion")[2] of above-captioned reorganized debtors and debtors in

possession (collectively, the "Reorganized Debtors") for entry of an order (this "Order") (a)

approving the objection procedures outlined herein, (b) authorizing the Reorganized Debtors to

assert substantive objections to claims (including administrative expense requests) in an omnibus

format pursuant to Bankruptcy Rule 3007(c), and (c) waiving the requirement in Bankruptcy

Rule 3007(e)(6) that omnibus objections contain objections to no more than 100 claims, all as

more fully described in the Motion; and the Court having jurisdiction to consider the Motion and

the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper in this district pursuant to 28 U.S.C. § 1408; and it appearing that the relief

---

[1]   The Reorganized Debtors in the chapter 11 cases, along with the last four digits of each Reorganized Debtor's
      federal tax identification number, include:  Hawker Beechcraft, Inc. (2598); Arkansas Aerospace, Inc.
      (7496); Beech Aircraft Corporation (0487); Beechcraft Aviation Company (3548); Hawker Beechcraft
      Acquisition Company, LLC (8770); Hawker Beechcraft Corporation (5770); Hawker Beechcraft Defense
      Company, LLC (5891); Hawker Beechcraft Finance Corporation (8763); Hawker Beechcraft Global
      Customer Support Corporation (7338); Hawker Beechcraft Holding, Inc. (6044); Hawker Beechcraft
      International Delivery Corporation (6640); Hawker Beechcraft International Holding LLC (6757); Hawker
      Beechcraft International Service Company (9173); Hawker Beechcraft Notes Company (0498); Hawker
      Beechcraft Quality Support Company (7800); Hawker Beechcraft Regional Offices, Inc. (3889); HBC, LLC
      (N/A); and Rapid Aircraft Parts Inventory and Distribution Company, LLC (N/A).  The location of the
      Reorganized Debtors' corporate headquarters and the Reorganized Debtors' service address is:  10511 East
      Central, Wichita, Kansas 67206.

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

requested in the Motion is in the best interest of the Reorganized Debtors, their estates and

creditors, and all other parties in interest; and notice of the Motion appearing adequate and

appropriate under the circumstances; and the Court having found that no other or further notice

need be provided; and the Court having reviewed the Motion; and the Court having determined

that the legal and factual bases set forth in the Motion establish just cause for the relief granted

herein; and any objections to the relief requested herein having been withdrawn or overruled on

the merits; and after due deliberation and sufficient cause appearing therefor, it is HEREBY

ORDERED THAT:

1.      The Motion is granted to the extent set forth herein.

2.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy

Rules, or the Local Bankruptcy Rules, and pursuant to Bankruptcy Rule 3007(c), the

Reorganized Debtors may file Omnibus Objections that include objections to claims (including

administrative expense requests) on any basis provided for in Bankruptcy Rule 3007(d) and/or

the Additional Grounds, *provided*, *that*, the Reorganized Debtors shall not object to any personal

injury or wrongful death claims on the bases of the Additional Grounds.

3.      Notwithstanding anything to the contrary in the Bankruptcy Code, the Bankruptcy

Rules, or the Local Bankruptcy Rules, the Reorganized Debtors may object to more than 100

claims in a single Omnibus Objection.

4.      The Reorganized Debtors shall file and prosecute any Omnibus Objections in

accordance with the Objection Procedures attached hereto as **Exhibit 1**, which are approved, and

the other procedural safeguards set forth in Bankruptcy Rule 3007(e)(1) through (e)(5).

5.      The form of Objection Notice attached hereto as **Exhibit 2** is approved.

6.      Nothing in this Order or in the Motion is, or shall be deemed to constitute, any admission as to the validity, nature, amount, or priority of any claim asserted against the Reorganized Debtors in the chapter 11 cases, or a waiver of any right of the Reorganized Debtors to dispute the validity, nature, amount, or priority of, or otherwise object, either in the same or subsequent objections, on any grounds to any such claims.

**7.      Notwithstanding anything to the contrary herein, or in the Objection Procedures, the Objection Procedures shall not apply to any claims filed by Donald Minge and David Keihl, and Donald Minge and David Keihl are specifically excluded from any requirements set forth in the Objection Procedures.  For the avoidance of doubt, the Reorganized Debtors' rights to dispute the validity, nature, amount, or priority of, or otherwise object to any claims filed by Donald Minge and David Keihl are expressly reserved but any such objection shall not be included in an omnibus objection.**

**8.**      ~~7.~~ The Motion satisfies the requirements of Local Bankruptcy Rule 9013-1(b).

**9.**      ~~8.~~ The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

**10.**      ~~9.~~ The terms, conditions, and provisions of this Order shall be immediately effective and enforceable upon entry hereof.

**11.**      ~~10.~~ To the extent any provision of this order is inconsistent with any provision of the *Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 183], this order shall govern in all respects.

**12.**    ~~11.~~ The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2013
      New York, New York

                                                _____
                                              Stuart M. Bernstein
                                              United States Bankruptcy Judge

## **EXHIBIT 1**

**Objection Procedures**

James H.M. Sprayregen, P.C.
Paul M. Basta, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Counsel to the Reorganized Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| HAWKER BEECHCRAFT, INC., *et al.*,[1] | ) | Case No. 12-11873 (SMB) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**PROCEDURES FOR FILING OMNIBUS CLAIMS OBJECTIONS**

On [~~March 15,~~] **March 15,** 2013, the above-captioned reorganized debtors and debtors in

possession (collectively, the "Reorganized Debtors") filed the *Reorganized Debtors' Motion for*

*Entry of an Order (a) Approving Omnibus Claims Objection Procedures, (b) Authorizing the*

---

[1]   The Reorganized Debtors in the chapter 11 cases, along with the last four digits of each Reorganized Debtor's
federal tax identification number, include:  Hawker Beechcraft, Inc. (2598); Arkansas Aerospace, Inc.
(7496); Beech Aircraft Corporation (0487); Beechcraft Aviation Company (3548); Hawker Beechcraft
Acquisition Company, LLC (8770); Hawker Beechcraft Corporation (5770); Hawker Beechcraft Defense
Company, LLC (5891); Hawker Beechcraft Finance Corporation (8763); Hawker Beechcraft Global
Customer Support Corporation (7338); Hawker Beechcraft Holding, Inc. (6044); Hawker Beechcraft
International Delivery Corporation (6640); Hawker Beechcraft International Holding LLC (6757); Hawker
Beechcraft International Service Company (9173); Hawker Beechcraft Notes Company (0498); Hawker
Beechcraft Quality Support Company (7800); Hawker Beechcraft Regional Offices, Inc. (3889); HBC, LLC
(N/A); and Rapid Aircraft Parts Inventory and Distribution Company, LLC (N/A).  The location of the
Reorganized Debtors' corporate headquarters and the Reorganized Debtors' service address is:  10511 East
Central, Wichita, Kansas 67206.

*Reorganized Debtors to File Substantive Omnibus Objections to Claims Pursuant to Bankruptcy Rule 3007(c) and (c) Waiving the Requirement of Bankruptcy Rule 3007(e)(6)* [Docket No. ——1384] (the "Motion")[2] with the United States Bankruptcy Court for the Southern District of New York (the "Court"). On [_____], 2013, the Court entered an order [Docket No. __] (the "Order") approving the Motion, including these omnibus objection procedures.

## Omnibus Objections

1.    <u>Grounds for Omnibus Objections</u>.  In addition to those grounds expressly set forth in Bankruptcy Rule 3007(d), the Reorganized Debtors may file omnibus objections (each, an "Omnibus Objection") to claims on the grounds that such claims, in part or in whole:

    a.    are inconsistent with the Reorganized Debtors' books and records;

    b.    fail to specify the asserted claim amount (other than "unliquidated");

    c.    seek recovery of amounts for which the Reorganized Debtors are not liable;

    d.    are incorrectly or improperly classified;

    e.    have been formally withdrawn by the claimant through the filing of a pleading or through the entry of a Court order indicating withdrawal of the claim;

    f.    are filed against non-debtors or are filed against multiple Reorganized Debtors;

    g.    fail to specify a Reorganized Debtor against whom the claim is asserted;

    h.    are disallowed pursuant to section 502 of the Bankruptcy Code; or

    i.    fail to sufficiently specify the basis for the claim or provide sufficient supporting documentation therefore.

---

[2]  All capitalized terms used but not otherwise defined herein shall have the meaning set forth in the Motion.

The Reorganized Debtors shall not object to any personal injury or wrongful death claims on the bases of these additional grounds.

2.     <u>Form of Omnibus Objection</u>.    Each Omnibus Objection will be numbered consecutively, regardless of basis.

3.     <u>Supporting Documentation</u>.    To the extent appropriate, Omnibus Objections may be accompanied by an affidavit or declaration from someone with personal knowledge of the Reorganized Debtors' books and records and the manner in which they are maintained that states that the affiant or the declarant has reviewed the claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the claim on the Reorganized Debtors' books and records, and determined that the books and records do not reflect the debt or the amount of debt that is alleged in the claim.

4.     <u>Claims Exhibits</u>.    An exhibit listing the claims that are subject to the particular Omnibus Objection will be attached thereto.    Each exhibit will include only the claims to which there is a common basis for the objection.    Claims for which there is more than one basis for the objection will be referenced on each exhibit applicable thereto.    The exhibits will include, without limitation, the following information alphabetized by claimant:

a.     the claims that are the subject of the Omnibus Objection and, if applicable, proof of claim number related thereto from the claims register;

b.     the asserted amount of the claim;

c.     the grounds for the objection;

d.     a cross-reference to the section of the Omnibus Objection discussing such claim; and

e.     other information, as applicable, including: (i) the proposed classification of claims the Reorganized Debtors seek to reclassify; (ii) the reduced claim amounts of claims the Reorganized Debtors seek to reduce; or (iii) the surviving claims of claims the Reorganized Debtors seek to expunge.

5.     <u>Objection Notice</u>. Each Omnibus Objection will be accompanied by a customized objection notice, substantially in the form annexed to the Order as <u>Exhibit 2</u>, (the "<u>Objection Notice</u>"), tailored, as appropriate, to address a particular creditor, claim, or objection, which will:

a.     describe the basic nature of the objection;

b.     inform creditors that their rights may be affected by the objection;

c.     describe the procedures for filing a written response (each, a "<u>Response</u>") to the objection, including all relevant dates and deadlines related thereto;

d.     identify the hearing date, if applicable, and related information; and

e.     describe how copies of proofs of claim, the Omnibus Objection, and other pleadings filed in the chapter 11 cases may be obtained.

6.     <u>Notice and Service</u>. Each Omnibus Objection will be filed with the Court and served upon (a) the affected claimant party set forth on the proof of claim or their respective attorney of record, (b) counsel to the Post-Effective Date Committee, (c) the U.S. Trustee, and (d) parties that have filed a request for service of papers under Bankruptcy Rule 2002.

7.     <u>Omnibus Hearings</u>. Each Omnibus Objection shall be set for hearing no less than 30 days after service of the Omnibus Objection (the "<u>Hearing</u>"). In the Reorganized Debtors' sole discretion, and after notice to the affected claimant, the Reorganized Debtors may adjourn the Hearing on the Omnibus Objection to a subsequent hearing date. For claims subject to an Omnibus Objection and with respect to which either (a) no Response is filed in accordance with the proposed response procedures, (b) no appearance is made at the Hearing, or (c) a Response is

4

filed in accordance with the proposed response procedures but such Response is resolved prior to the Hearing, the Reorganized Debtors may request at the Hearing that the Court enter an order granting the Omnibus Objection with respect to such claim.  The Hearing with respect to a contested claim for which (a) a Response is filed in accordance with the proposed response procedures but such Response is not resolved prior to the Hearing or (b) an appearance is made at the Hearing, will be automatically adjourned.  If such claims cannot be resolved and a hearing is determined to be necessary, the Reorganized Debtors shall file with the Court and serve on the affected claimants a notice of the hearing (the date of which shall be determined in consultation with the affected claimant(s)).

8.      Contested Matter.  Each claim subject to an Omnibus Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Court will be deemed a separate order with respect to such claim. The Reorganized Debtors may, in their discretion and in accordance with other orders of this Court, the *Debtors' Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1255], or the provisions of the Bankruptcy Code and the Bankruptcy Rules, settle the priority, amount, and validity of such contested claims without any further notice to or action, order, or approval of the Court.

## Responses to Omnibus Objections

9.      Parties Required to File a Response.  Any party who disagrees with an objection is required to file a Response in accordance with the procedures set forth herein or appear at the Hearing.  If a claimant whose claim is subject to an Omnibus Objection does not file and serve a Response in compliance with the procedures below or appear at the Hearing, the Court may grant the objection with respect to such claim without further notice to the claimant.

5

10. <u>Response Contents</u>.  Each Response must contain the following (at a minimum):

a.  a caption stating the name of the Court, the name of the Reorganized Debtors, the case number, and the Omnibus Objection to which the Response is directed;

b.  a concise statement setting forth the reasons why the Court should not grant the objection with respect to such claim, including the factual and legal bases upon which the claimant will rely in opposing the Omnibus Objection;

c.  a copy of any other documentation or other evidence of the claim, to the extent not already included with the claim, upon which the claimant will rely in opposing the objection; *provided, however,* that the claimant need not disclose confidential, proprietary, or otherwise protected information in the Response; and *provided, further,* that the claimant shall disclose to the Reorganized Debtors all information and provide copies of all documents that the claimant believes to be confidential, proprietary, or otherwise protected and upon which the claimant intends to rely in support of its claim, subject to appropriate confidentiality constraints;

d.  a declaration or other statement of a person with personal knowledge of the relevant facts that support the Response; and

e.  the following contact information for the responding party:

(i)  the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Reorganized Debtors should serve a reply to the Response, if any; or

(ii)  the name, address, telephone number, and email address of the party with authority to reconcile, settle, or otherwise resolve the objection on the claimant's behalf.

11.    <u>Filing and Service of the Response</u>.  A Response will be deemed timely only if it is filed with the Court and *actually received* by 4:00 p.m. (prevailing Eastern time) on the day that is twenty (20) calendar days from the date the Omnibus Objection is served (the "<u>Response Deadline</u>") by the following parties (the "<u>Notice Parties</u>"):

| Reorganized Debtors | Counsel to Reorganized Debtors |
|---|---|
| Hawker Beechcraft, Inc.<br>10511 East Central<br>Wichita, Kansas 67206<br>Attn:  Alexander Snyder and Steven Hall | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn:  Paul M. Basta and David S. Meyer<br><br>- and -<br><br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Attn:  Patrick J. Nash, Jr., P.C. and<br>Ross M. Kwasteniet |
| **Counsel to the Post-Effective Date Committee** | **United States Trustee** |
| Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Attn:  Daniel H. Golden, David H. Botter, and<br>Alexis Freeman | Office of the United States Trustee<br>for the Southern District of New York<br>33 Whitehall Street, 21st Floor<br>New York, New York 10004<br>Attn:  Paul K. Schwartzberg |

12.    <u>Discovery</u>.  If the Reorganized Debtors determine that discovery is necessary in advance of a hearing on an Omnibus Objection, the Reorganized Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.  In accordance with Rule 9014-2 of the Local Bankruptcy Rules of the Southern District of New York (the "<u>Local Bankruptcy Rules</u>"), the first hearing on any Omnibus Objection contested with respect a particular claim will not be an evidentiary hearing and there is no need for any witnesses to

appear at such hearing unless otherwise ordered by the Court in accordance with Local Bankruptcy Rule 9014-2.

13.    <u>Failure to Respond</u>.  A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at the Hearing.  **Absent reaching an agreement with the Reorganized Debtors resolving the objection to a claim (as described in the Objection Notice), failure to timely file and serve a Response as set forth herein or to appear at the Hearing may result in the Court granting the Omnibus Objection without further notice or hearing**.  Upon entry of an order sustaining an Omnibus Objection, affected creditors will be served with such order.

14.    <u>Reply to a Response</u>.  The Reorganized Debtors shall be permitted to file a reply to any Response no later than two business days before the hearing with respect to the relevant Omnibus Objection.

## <u>Miscellaneous</u>

15.    <u>Additional Information</u>.  Copies of these procedures, the Motion, or Order or any other pleadings (the "<u>Pleadings</u>") filed in the chapter 11 cases are available for free online at http://dm.epiq11.com/HBC.  Copies of the Pleadings may also be obtained upon written request to Epiq Bankruptcy Solutions, LLC, the Reorganized Debtors' noticing and claims agent at the following addresses:  (a) by first-class mail - Hawker Beechcraft, Inc., c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5285, New York, New York 10150-5285; or (b) by hand delivery or overnight mail - Hawker Beechcraft, Inc., c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017.  You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.

16.     <u>Reservation of Rights</u>.    NOTHING IN ANY OMNIBUS OBJECTION OR
OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY
RIGHTS OF THE REORGANIZED DEBTORS TO DISPUTE ANY CLAIMS, ASSERT
COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO
CLAIMS (OR OTHER CLAIMS OR CAUSES OF ACTION OF A CLAIMANT) ON ANY
GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION, UNLESS THE COURT HAS
ALLOWED A CLAIM OR ORDERED OTHERWISE, OR SEEK TO ESTIMATE ANY
CLAIM AT A LATER DATE.    AFFECTED PARTIES WILL BE PROVIDED APPROPRIATE
NOTICE THEREOF AT SUCH TIME.

## **EXHIBIT 2**

**Objection Notice**

James H.M. Sprayregen, P.C.
Paul M. Basta, P.C.
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900

- and -

Patrick J. Nash, Jr., P.C. (admitted *pro hac vice*)
Ross M. Kwasteniet (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 N. LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Counsel to the Reorganized Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HAWKER BEECHCRAFT, INC., *et al.*,[1] | ) | Case No. 12-11873 (SMB) |
| | ) | |
| Reorganized Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF REORGANIZED DEBTORS' [___] OMNIBUS CLAIMS OBJECTION**

**[Creditor Name] PLEASE TAKE NOTICE THAT:**

---

[1]   The Reorganized Debtors in the chapter 11 cases, along with the last four digits of each Reorganized Debtor's
federal tax identification number, include:  Hawker Beechcraft, Inc. (2598); Arkansas Aerospace, Inc.
(7496); Beech Aircraft Corporation (0487); Beechcraft Aviation Company (3548); Hawker Beechcraft
Acquisition Company, LLC (8770); Hawker Beechcraft Corporation (5770); Hawker Beechcraft Defense
Company, LLC (5891); Hawker Beechcraft Finance Corporation (8763); Hawker Beechcraft Global
Customer Support Corporation (7338); Hawker Beechcraft Holding, Inc. (6044); Hawker Beechcraft
International Delivery Corporation (6640); Hawker Beechcraft International Holding LLC (6757); Hawker
Beechcraft International Service Company (9173); Hawker Beechcraft Notes Company (0498); Hawker
Beechcraft Quality Support Company (7800); Hawker Beechcraft Regional Offices, Inc. (3889); HBC, LLC
(N/A); and Rapid Aircraft Parts Inventory and Distribution Company, LLC (N/A).  The location of the
Reorganized Debtors' corporate headquarters and the Reorganized Debtors' service address is:  10511 East
Central, Wichita, Kansas 67206.

**YOU ARE RECEIVING THIS NOTICE BECAUSE HAWKER BEECHCRAFT, INC. AND CERTAIN OF ITS AFFILIATES, AS REORGANIZED DEBTORS AND DEBTORS IN POSSESSION (COLLECTIVELY, THE "REORGANIZED DEBTORS") ARE OBJECTING TO YOUR CLAIM(S) BY THE ATTACHED OBJECTION (THE "OBJECTION"). YOU SHOULD LOCATE YOUR NAME AND YOUR CLAIM(S) ON THE SCHEDULES ATTACHED HERETO. PLEASE TAKE NOTICE THAT, AS A RESULT OF THE OBJECTION, YOUR CLAIM(S) MAY BE DISALLOWED, EXPUNGED, RECLASSIFIED, REDUCED OR OTHERWISE AFFECTED. THEREFORE, PLEASE READ THIS NOTICE AND THE ACCOMPANYING OBJECTION VERY CAREFULLY.**

## Important Information Regarding the Objection

Grounds for the Objection. By the Objection, the Reorganized Debtors are seeking to [disallow/expunge/reclassify/reduce] your claim(s) listed in the table below on the grounds that your claim(s) [is/are] [___]. The claim(s) subject to the Objection may also be found on the schedules attached to the Objection, a copy of which has been provided with this notice.

| Date Filed | Claim No. | Debtor | Asserted Claim Amount[2] | Basis For Objection | Proposed Treatment | Surviving Claim No. |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

Objection Procedures. On March [___], 2013, the United States Bankruptcy Court for the Southern District of New York (the "Court") entered an order [Docket No. ___] approving procedures for filing and resolving objections to claims asserted against the Reorganized Debtors in the chapter 11 cases (the "Objection Procedures"). *Please review the Objection Procedures to ensure your response to the Objection, if any, is timely and correctly filed and served.*

## Resolving the Objection

Resolving Objections. To facilitate the consensual resolution of the Objection, certain of the Reorganized Debtors' personnel and advisors will be available to discuss and potentially resolve the Objection to disputed claims without the need for filing a formal response or attending a hearing. To facilitate such a discussion, please contact Jay Herriman at Alvarez & Marsal, restructuring advisor to the Reorganized Debtors, by (i) emailing jherriman@alvarezandmarsal.com or (ii) calling (248) 936-0860 within 20 calendar days after the date of this notice. Please have your proof(s) of claim and any related material available for any such discussions. *Please note that all legal matters will be referred to the Reorganized Debtors' attorneys.*

Parties Required to File a Response. If you are <u>not</u> able to consensually resolve the Objection filed with respect to your claim as set forth above, you must file a response (each, a

---

[2]   Asserted claim amounts listed as $0.00 reflect that the claim amount asserted is unliquidated.

"Response") with the Court in accordance with the procedures described below or appear at the Hearing (as defined herein).

Response Contents.  Each Response must contain the following (at a minimum):

    a.    a caption with the name of the Court, the name of the Reorganized Debtors, the case number and the title of the Objection to which the Response is directed;

    b.    a concise statement setting forth the reasons why the Court should not grant the Objection with respect to your claim, including the specific factual and legal bases upon which you rely in opposing the Objection;

    c.    copies of documentation or other evidence of your claim not previously filed with proof of such claim on which your Response is based (excluding confidential, proprietary, or other protected information, copies of which must be provided to the Reorganized Debtors' counsel, subject to appropriate confidentiality constraints, if any);

    d.    a declaration or other statement of a person with personal knowledge of the relevant facts that support the Response; and

    e.    the following contact information for the responding party:

        (i)    the name, address, telephone number, and email address of the responding claimant or the name, address, telephone number, and email address of the claimant's attorney or designated representative to whom the attorneys for the Reorganized Debtors should serve a reply to the Response, if any; or

        (ii)    the name, address, telephone number, and email address of the party with authority to reconcile, settle, or resolve the Objection on your behalf.

3

Notice and Service.  Your Response must be filed with the Court and served so as to be *actually received* by 4:00 p.m. (prevailing Eastern time) on **[___], 2013** (the "Response Deadline") by the following parties (the "Notice Parties"):

| Reorganized Debtors | Counsel to Reorganized Debtors |
|---|---|
| Hawker Beechcraft, Inc.<br>10511 East Central<br>Wichita, Kansas 67206<br>Attn:  Attn:  Alexander Snyder and Steven Hall | Kirkland & Ellis LLP<br>601 Lexington Avenue<br>New York, New York 10022<br>Attn:  Paul M. Basta and David S. Meyer<br><br>- and -<br><br>Kirkland & Ellis LLP<br>300 North LaSalle<br>Chicago, Illinois 60654<br>Attn:  Patrick J. Nash, Jr., P.C. and<br>Ross M. Kwasteniet |
| **Counsel to the Post-Effective Date Committee** | **United States Trustee** |
| Akin Gump Strauss Hauer & Feld LLP<br>One Bryant Park<br>New York, NY 10036<br>Attn:  Daniel H. Golden, David H. Botter, and<br>Alexis Freeman | Office of the United States Trustee<br>for the Southern District of New York<br>33 Whitehall Street, 21st Floor<br>New York, New York 10004<br>Attn:  Paul K. Schwartzberg |

Failure to Respond.  A Response that is not filed and served in accordance with the procedures set forth herein may not be considered by the Court at the Hearing.  **Absent reaching an agreement with the Reorganized Debtors resolving the Objection to a claim, failure to (a) timely file and serve a Response as set forth herein or (b) appear at the Hearing may result in the Court granting the Objection without further notice or hearing**.  Upon entry of an order, affected creditors will be served with a notice of entry, and a copy, of the order.

## Hearing on the Objection

Date, Time and Location.  A hearing (the "Hearing") on the Objection will be held on [___], 2013, at [___] prevailing Eastern Time, before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, in Courtroom 723 of the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408.  The hearing may be adjourned to a subsequent date in these cases in the Court's or Reorganized Debtors' discretion.  **You must attend the Hearing if you disagree with the Objection and have filed a Response.**  The Hearing with respect to a contested claim for which (a) a Response is filed in accordance with the proposed response procedures but such Response is not resolved prior to the Hearing or (b) an appearance is made at the Hearing, will be automatically adjourned. If such claims cannot be resolved and a hearing is determined to be necessary, the Reorganized Debtors shall file with the Court and serve on the affected claimants a notice of the hearing (the date of which shall be determined in consultation with the affected claimant(s)).

Discovery.  If the Reorganized Debtors determine that discovery is necessary in advance of a hearing on an Objection, the Reorganized Debtors will serve notice on the affected claimant and its counsel of record that the scheduled hearing will be treated as a status conference during which the parties will request that the Court issue a scheduling order to facilitate dismissal or resolution of the litigation.  Such notice may be incorporated into the initial agenda letter for the hearing, or may be provided by separate notice.  In accordance with Rule 9014-2 of the Local Bankruptcy Rules of the Southern District of New York (the "Local Bankruptcy Rules"), the first hearing on any Omnibus Objection contested with respect a particular claim will not be an evidentiary hearing and there is no need for any witnesses to appear at such hearing unless otherwise ordered by the Court in accordance with Local Bankruptcy Rule 9014-2.

### Additional Information

Questions/Information.   Copies of the Objection Procedures and any other pleadings (collectively, the "Pleadings") filed in these chapter 11 cases are available for free online at http://dm.epiq11.com/HBC.  Copies of the Pleadings may also be obtained upon written request to Epiq Bankruptcy Solutions, LLC, the Reorganized Debtors' noticing and claims agent at the following addresses:  (a) by first-class mail - Hawker Beechcraft, Inc., c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5285, New York, New York 10150-5285; or (b) by hand delivery or overnight mail - Hawker Beechcraft, Inc., c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, New York 10017.  You may also obtain copies of any of the Pleadings filed in the chapter 11 cases for a fee via PACER at: http://www.nysb.uscourts.gov.  Please note that questions regarding the amount of your claim should be directed to Jay Herriman at Alvarez & Marsal, as set forth above, and legal questions should be directed to (and will be referred by the foregoing parties to) the Reorganized Debtors' counsel, Kirkland & Ellis LLP.  **Please do not contact the Court to discuss the merits of claim or any Objection filed with respect thereto**.

### Reservation of Rights

**NOTHING IN ANY OBJECTION OR IN ANY OBJECTION NOTICE IS OR SHALL BE DEEMED TO CONSTITUTE A WAIVER OF ANY RIGHTS OF THE REORGANIZED DEBTORS TO DISPUTE ANY CLAIMS, ASSERT ANY COUNTERCLAIMS, RIGHTS OF OFFSET OR RECOUPMENT, DEFENSES, OBJECT TO THE CLAIM (OR ANY OTHER CLAIMS OR CAUSES OF ACTION OF ANY CLAIMANT) ON ANY GROUNDS NOT PREVIOUSLY RAISED IN AN OBJECTION (UNLESS THE COURT ALLOWS A CLAIM OR SPECIFICALLY ORDERS OTHERWISE) OR SEEK TO ESTIMATE ANY CLAIM AT A LATER DATE.  IN SUCH EVENT, THE AFFECTED CLAIMANT WILL RECEIVE A SEPARATE NOTICE OF ANY SUCH OBJECTION.**