UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| HAWKER BEECHCRAFT, INC., *et al.*, | : | Case No. 12-11873 (SMB) |
| | : | Jointly Administered |
| Debtors. | : | |

-------------------------------------------------------X

## MEMORANDUM DECISION DISALLOWING AND
## EXPUNGING PROOFS OF CLAIM NOS. 1285 AND 2986

**A P P E A R A N C E S :**

KIRKLAND & ELLIS LLP
*Attorneys for Reorganized Debtors*
601 Lexington Avenue
New York, New York 10022

     James H.M. Sprayregen, P.C.
     Paul M. Basta, P.C.
     Patrick J. Nash, Jr., P.C.
     Ross M. Kwasteniet, Esq.
       Of Counsel

EDDIE MENDÍA
*Claimant pro se*
1706 S. Ellis
Wichita, KS 67211

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

     Eddie Mendía ("Mendía"), a former employee of Hawker Beechcraft Corporation

("HBC"), one of the Debtors (collectively, "Hawker") in these chapter 11 cases, filed two

proofs of claim asserting damages for wrongful termination and defamation. Hawker has

moved to disallow and expunge both claims. (*See Reorganized Debtors' Thirty First*

*Omnibus Objection to Certain No Liability Claims*, dated July 1, 2014 ("*Thirty First*

*Omnibus Claims Objection*") (ECF Doc. #1822); *Reorganized Debtors' Thirty Third*

*Omnibus Objection to Certain No Liability Claims*, dated July 29, 2014 ("*Thirty Third*

*Omnibus Claims Objection*") (ECF Doc. #1836).)  For the following reasons, Hawker's

objections are sustained, and both of Mendía's claims are disallowed and expunged.

## BACKGROUND

Prior to the commencement of the case, Hawker was a leading manufacturer of

general aviation and military aircraft.  Mendía worked for HBC, then known as Raytheon

Aircraft Company, as an avionics technician.  On May 11, 2005, HBC fired Mendía for

violations of the company's attendance policy.  *Mendía v. Hawker Beechcraft*

*Corporation,* No. 06-1212-JTM, 2008 WL 216914, at *2 (D. Kan. Jan. 17, 2008), *aff'd*,

303 F. Appx. 622 (10th Cir. 2008), *cert. denied*, 557 U.S. 905 (2009).  Mendía, who is of

Mexican descent, was fifty-seven years old at the time of his termination.

On November 7, 2005, Mendía filed a complaint against HBC with the Equal

Employment Opportunity Commission ("EEOC") and the Kansas Human Rights

Commission ("KHRC").  He alleged that non-supervisory coworkers had made

unspecified racial remarks, and that he heard his supervisor say on more than one

occasion that "Eddie plays the system."  *Id.,* 2008 WL 216914, at *3.

Thereafter, on July 24, 2006, Mendía filed a *pro se* complaint in the United States

District Court for the District of Kansas.  He alleged that he was involuntarily terminated

from his employment based on age discrimination under the Age Discrimination in

Employment Act ("ADEA"), race discrimination under Title VII of the Civil Rights Act

of 1964 ("Title VII") and discrimination based on a disability under the Americans With

Disabilities Act ("ADA").  He also asserted certain pre-termination claims under Title

VII and the ADA.  Finally, he alleged intentional infliction of emotional distress.

HBC moved for summary judgment.  The District Court initially concluded that Mendía had failed to exhaust his administrative remedies with respect to a portion of his discrimination claims, and HBC was entitled to summary judgment to that extent. *Mendía,* 2008 WL 216914, at *4.  In light of Mendía's *pro se* status, the District Court then proceeded to consider all of his claims on the merits.  Upon consideration, the District Court granted summary judgment to HBC and dismissed the complaint concluding that he was terminated for violations of HBC's attendance policy, and his pre-termination claims of harassment and his claim of intentional infliction of emotional distress lacked merit.  The Tenth Circuit Court of Appeals affirmed, *Mendía v. Hawker Beechcraft Corp.,* 303 F. Appx. 622, 625 (10th Cir. 2008), and the Supreme Court denied Mendía's petition for a writ of certiorari.  *Mendía v. Hawker Beechcraft, Corp.,* 557 U.S. 905 (2009).

Hawker commenced these chapter 11 cases on May 3, 2012.[1]  Mendía filed a timely proof of claim (Claim # 1285) in the sum of $312,000 on September 11, 2012,[2] based upon wrongful termination and defamation.  On March 21, 2014, Mendía filed an amended proof of claim (Claim # 2986, and together with Claim # 1285, the "Claims").[3] The later claim attached the decision of the District Court, (Claim # 2986, Ex. 1 (*Omnibus Reply*, at 74-93 of 124)), and it appears that the wrongful termination claim

---

[1]    The Court confirmed Hawker's amended plan of reorganization on February 1, 2013. (*Findings of Fact, Conclusions of Law, and Order Confirming the Debtors' Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code,* dated February 1, 2013, (ECF Doc. #1277).).

[2]    A copy of Claim # 1285 is annexed to the *Reorganized Debtors' Omnibus Reply in Support of Their Thirty-First and Thirty-Third Omnibus Objections*, dated Oct. 3, 2014 ("*Omnibus Reply*"), as Ex. F (ECF Doc. # 1896).)

[3]    A copy of Claim # 2986 is annexed to the *Omnibus Reply* as Ex. E.

asserted in Claim # 2986 was identical to the employment discrimination claims asserted

in the District Court action; however, the defamation claim was new.  Furthermore,

instead of seeking monetary relief, Claim # 2986 sought to have these claims "reinstated

and made whole."  (*Id.*, at 65 of 124.)

As noted, on July 1, 2014, Hawker objected to Claim # 2986 in its *Thirty First
Omnibus Claims Objection*, contending that there was no underlying debt owed to
Mendía following the disposition of the District Court action.  On July 29, 2014, Hawker
objected to Claim # 1285 in its *Thirty Third Omnibus Claims Objection* on the ground
that it had been amended and superseded by Claim # 2986.  Mendía filed several
responses.  (*See Claimant Response to Reorganized Debtors' Thirty-First Omnibus
Objection to Certain No Liability Claims,* filed July 21, 2014, (ECF Doc. #1833);
*Claimant Response to Reorganized Debtors' Thirty-Third Omnibus Objection to Certain
Amendment Claims,* filed August 22, 2014, (ECF Doc. #1865); *Claimant Response to
Reorganized Debtors' Thirty-Third Omnibus Objection to Certain Amendment Claims,*
filed September 9, 2014, (ECF Doc. #1875); *Claimant Response Reguarding* [*sic*]
*Reorganized Debtors' Thirty First and Thirty Third Omnibus Objection Doc 1853 to
Certain No Liability Claims,* filed September 17, 2014, (ECF Doc. #1885).)  Many of
these responses raised arguments unrelated to the Claims or Hawker's objections.

## DISCUSSION

Initially, Claim # 1285 was amended and superseded by Claim # 2986.  (*See*
Claim # 2986 (*Omnibus Reply*, at 65 of 124) (noting that Claim # 2986 amended Claim #
1285, dated Sept. 11, 2012).)  Claim # 1285 is subject to disallowance for this reason

alone.  *See* FED. R. BANKR. P. 3007(d)(1).  The Claims are also subject to disallowance

for the reasons that follow.

## A.       Wrongful Termination Claim

Under 11 U.S.C. § 502(b)(1), a court may disallow a claim that is unenforceable

under applicable law against the debtor and property of the debtor.  Here, Mendía's

wrongful termination claim is unenforceable because the doctrine of *res judicata*, or

claim preclusion, bars Mendía from reasserting it.  The preclusive effect of a federal court

judgment is determined by federal common law.  *Taylor v. Sturgell*, 553 U.S. 880, 892

(2008).  "Under the doctrine of claim preclusion, a final judgment forecloses 'successive

litigation of the very same claim, whether or not relitigation of the claim raises the same

issues as the earlier suit.'"  *Id.* (quoting *New Hampshire v. Maine,* 532 U.S. 742, 748, 121

S.Ct. 1808, 149 L.Ed.2d 968 (2001).  Under federal law, claim preclusion "bars later

litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of

competent jurisdiction, (3) in a case involving the same parties or their privies, and (4)

involving the same cause of action."  *Diaz v. Judge Advocate General of the Navy*, 413 F.

Appx. 342, 343 (2d Cir. 2011) (quoting *EDP Med. Computer Sys., Inc. v. United States,*

480 F.3d 621, 624 (2d Cir.2007).

Mendía's complaint in the Kansas litigation and his Claims in these bankruptcy

cases asserted the same cause of action relating to his alleged wrongful termination.  The

parties are the same, and the District Court, a court of competent jurisdiction, rendered a

final judgment rejecting all of Mendía's claims.  Consequently, the doctrine of claim

preclusion renders the discrimination claims unenforceable under non-bankruptcy law

and subject to disallowance under 11 U.S.C. § 502(b)(1).

Mendía nevertheless argues that Hawker prevailed in the District Court action on procedural rather than substantive grounds implying that this renders claim preclusion inapplicable.  (*Claimant Response to Reorganized Debtors' Thirty First and Thirty Third Omnibus Objection Doc 1853 to Certain No Liability Claims,* filed September 17, 2014, at 6 (ECF Doc. #1885).)  First, although the District Court noted that a portion of Mendía's claims were barred because he had failed to exhaust his administrative remedies, it nevertheless reached the merits in light of Mendía's *pro se* status.  Second, whether the Claims are procedurally barred or fail on the merits is of no moment.  They are still unenforceable under non-bankruptcy law and subject to disallowance under 11 U.S.C. § 502(b)(1).

## B.    Defamation Claim

During the Kansas litigation, the District Court entered a protective order pursuant to Federal Rule of Civil Procedure 26(c).  (*See* Claim # 2986, Ex. 2 (*Omnibus Reply*, at 95-101 of 124).)  The protective order permitted *Raytheon* to designate documents and information as "Confidential," and limited their use.  Mendía asserts that internet searches of his name bring up documents filed with the District Court.  According to Mendía, the contents of the District Court filings are defamatory, and their disclosure has resulted in the loss of employment and fund raising opportunities.  Mendía maintains that the protective order required HBC to "seal the proceedings," and his defamation claim is based on HBC's failure to do so.  (Claim # 2986 (*Omnibus Reply*, at 66-67).)  Mendía also asserts that HBC made defamatory statements to the KHRC/EEOC and the District Court.  (*Id.* at 68-71.)

The defamation claim lacks merit.  The protective order prohibited the parties from disclosing documents and information designated by Raytheon as "Confidential." There is no evidence that any designated documents or information have been disclosed. More importantly, the protective order did not obligate HBC to "seal the proceedings" or extinguish matters of public record.

Mendía also appears to contend that HBC's alleged misstatements disclosed by the District Court documents provide a basis to collaterally attack the decisions rendered at the administrative level and by the District Court.  The District Court judgment is not subject to collateral attack in this Court, and according to the Kansas District Court, Mendía did not even administratively grieve the claims that were the subject of the District Court proceeding or the Claims.

The Court has considered Mendía's remaining arguments and concludes that they lack merit.  Accordingly, Claim ## 1285 and 2986 are disallowed and expunged.

Submit order.

Dated: New York, New York
       October 22, 2014


                                        /s/ *Stuart M. Bernstein*
                                        STUART M. BERNSTEIN
                                        United States Bankruptcy Judge


7