UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                              :
                                                    :
HAWKER BEECHCRAFT, INC., *et al.*,    :    Chapter 11
                                                    :    Case No. 12-11873 (SMB)
                                                    :
            Reorganized Debtors.              :    (Jointly Administered)
------------------------------------------------------------X

# DECISION DISALLOWING AND EXPUNGING PROOFS OF CLAIM NOS. 2331, 2332, AND 2878

**A P P E A R A N C E S:**

KIRKLAND & ELLIS LLP
604 Lexington Avenue
New York, New York 10022

    James H.M. Sprayregen, P.C.
    Paul M. Basta, P.C.
    Patrick J. Nash, Jr., P.C.
    Ross M. Kwasteniet, Esq.
        Of Counsel

– and –

MARTIN, PRINGLE, OLIVER, WALLACE & BAUER, LLP
100 N. Broadway
Wichita, Kansas 67202

    Terry L. Mann, Esq.
        Of Counsel

*Attorneys for Reorganized Debtors*

HAROLD M. NYANJOM
P.O. Box 16681
Wichita, Kansas 67216

*Creditor Pro se*

**STUART M. BERNSTEIN**
**United States Bankruptcy Judge:**

The reorganized debtors in these chapter 11 proceedings (collectively, "HBC") object to three proofs of claim filed by Harold Nyanjom, a former employee, alleging that HBC violated the Americans with Disabilities Act ("ADA") and the Kansas Act Against Discrimination ("KAAD"). These claims were litigated in the United States District Court for the District of Kansas which granted summary judgment in favor of HBC. *Nyanjom v. Hawker Beechcraft Corp.*, No. 12-1461 (JAR), 2015 WL 3397934 (D. Kan. May 26, 2015) ("*Kansas District Court Decision*"), *appeal docketed*, No. 15-3148 (10th Cir. June 24, 2015). For the reasons that follow, HBC's objections are sustained and Nyanjom's claims are disallowed and expunged.

## BACKGROUND

The background regarding Nyanjom's employment history with HBC, his claims and their disposition is set forth in the *Kansas District Court Decision*. Prior to the commencement of these chapter 11 cases, HBC was a leading manufacturer of general aviation and military aircraft. HBC's predecessor hired Nyanjom on January 22, 1999 as a sheet metal assembler.[1] *Kansas District Court Decision*, 2015 WL 3397934, at *4. At all relevant times, Nyanjom suffered from a congenital vision impairment that left him with virtually no vision in his left eye and reduced vision in his right eye. *Id*. at *5.

As a result of an economic downturn in the aviation industry, HBC conducted a series of layoffs beginning in 2008. *Id*. Nyanjom survived the layoffs as a result of his seniority, was reassigned to other departments, and in November 2009, returned to his original position as a

---

[1] For convenience, "HBC" includes HBC's predecessor.

2

sheet metal assembler where he remained until May 2010.  *Id*. at *6.  In May 2010, Nyanjom transferred briefly to a position in quality assurance as a conformity inspector, but again returned to his original sheet metal assembler position in August 2010 due to additional layoffs.  *Id*. at *7-8.

Nyanjom requested certain accommodations in connection with his move back to sheet metal assembler in August 2010 as a result of his impaired vision, and HBC fulfilled some but not all of these requests.  *Id*. at *8.  In September 2010, Nyanjom applied for short term disability benefits, and his application was approved by HBC.  *Id.*  He was placed on medical leave of absence until the earlier of September 15, 2011 or until his treating physician released him.  *Id*. at *9.  Nyanjom was employed by HBC until June 1, 2011, at which time he applied for and received disability retirement benefits which continue to date.  *Id*. at *10.

In February 2011, and prior to his retirement, Nyanjom filed administrative complaints against HBC with the Equal Employment Opportunity Commission ("EEOC") and the Kansas Human Rights Commission ("KHRC") alleging "that he was discriminated against, denied reasonable accommodation for his disability, subjected to involuntary transfers, subjected to an involuntary medical leave of absence, denied long term disability benefits, not rehired, and was retaliated against for opposing acts and practices forbidden by the Kansas Act Against Discrimination."  *Id*. at *9 (quotation marks and record citation omitted).  Nyanjom supplemented his KHRC claim in August 2011, alleging discrimination and/or retaliation in connection with his application for a position as a technical specialist with HBC.  *Id*. at *10.  He filed additional complaints with the EEOC and KHRC in September 2011, this time alleging

3

retaliation based on his involuntary retirement and arguing that disability benefits should have commenced earlier. *Id*.

In the meantime, HBC filed chapter 11 petitions on May 3, 2012, and Nyanjom submitted two timely proofs of claim, Claim Nos. 2331 (ECF Doc. # 2029, Ex. A) and 2332 (ECF Doc. # 2030, Ex. A), each in the amount of $150,000. Each claim relied on different exhibits related to his employment claims filed with the KHRC and EEOC. Claim No. 2331 attached correspondence from the KHRC regarding Nyanjom's KHRC claim no. 35023-12W which alleged that Nyanjom "was denied disability retirement benefits and subjected to an involuntary retirement as acts of retaliation…." (*See* Exhibit to Claim No. 2331.)[2] Claim No. 2332 attached correspondence from Nyanjom's separate KHRC claim (no. 34476-11W) which alleged that Nyanjom "was subjected to discrimination due to his disability … [, HBC] retaliated against him for having openly opposed acts and practices forbidden by the [KAAD, and he was] discriminated against or retaliated against in connection with his application for a Technical Specialist position, a job he could have performed with or without reasonable accommodation." (*See* Exhibit to Claim No. 2332.)[3]

Finally, Nyanjom filed Claim No. 2878 after the bar date as a priority claim in the amount of $24 million. (ECF Doc. # 2031, Ex. A.) This claim attached a single page prepared

---

[2]     KHRC found that "[t]here was no evidence of retaliation in regard to [Nyanjom's] disability retirement benefits" and closed the case. (Exhibit to Claim No. 2331.).

[3]     KHRC found that "[t]here is evidence [Nyanjom] was discriminated against due to his disability, was denied reasonable accommodations, [and] was not offered alternative jobs that were available within the sheet metal department….", but closed the case because HBC was in bankruptcy. (Exhibit to Claim No. 2332.)

4

by Nyanjom that instructed the reader to "[s]ee EEOC Charges for more detail on the claim." (*See* Exhibit to Claim No. 2878.) The attachment also referred to his pending EEOC charges, stated that the claim was subject to adjustment for punitive damages and/or fines and statutory penalties based on the EEOC regulatory and police powers as well as the "Enforcement Guidance Policy on Compensatory and Punitive Damages Available under § 102 of the Civil Rights Act of 1991," certain subchapters of title 42, Chapter 126 and Bankruptcy Code § 11 U.S.C. 362(b)(4). (*Id*.)

In addition to filing proofs of claim, and notwithstanding the automatic stay, Nyanjom commenced a post-petition action against HBC in the United States District Court for the Southern District of New York. He alleged that "HBC discriminated against him on the basis of his disability when he was denied reasonable accommodations, was not offered alternative jobs that were available, and when it caused him to involuntarily retire" in violation of the ADA.[4] *Kansas District Court Decision*, 2015 WL 3397934, at *13. He also asserted that "he was retaliated against after he sought accommodations in August 2010, when HBC placed him on an involuntary medical leave of absence." *Id*. at *18. The District Court action was subsequently transferred to the United States District Court for the District of Kansas pursuant to 28 U.S.C. § 1406(a), *see Nyanjom v. Hawker Beechcraft Corp.*, No. 12-1461 (JAR) (D. Kan. filed Nov. 27, 2012) (the "Kansas Action"), and HBC stipulated to relief from the automatic stay to allow Nyanjom to liquidate his employment-related claims in the Kansas Action. (*See Stipulation and*

---

[4] District Judge Robinson observed that the "standards under the ADA and KAAD claims are essentially the same. Therefore, the Court's analyses as to the merits of Plaintiff's claims under the ADA apply equally to his claims of discrimination and retaliation under the KAAD." *Kansas District Court Decision*, 2015 WL 3397934, at *11 n. 48 (citation omitted).

*Agreed Order Modifying the Plan Injunction with respect to Certain Former Employee Nyanjom*, so ordered May 17, 2013 ("May 2013 Stipulation") (ECF Doc. # 1527).)

HBC subsequently filed a motion for summary judgment in the Kansas Action. District Judge Julie A. Robinson reviewed each of Nyanjom's employment-related claims, and rendered a comprehensive forty-four page decision in which she granted summary judgment in favor of HBC and dismissed Nyanjom's complaint in its entirety. She expressly rejected Nyanjom's claims based on the failure to accommodate, unlawful discharge, and failure to hire him for a Technical Specialist position. *Kansas District Court Decision*, 2015 WL 3397934, at *13-17. The Court also rejected Nyanjom's retaliation claims. *Id*. at *18-20. In reaching its conclusions, the District Court also rejected Nyanjom's argument that determinations by the EEOC and KHRC, which viewed his claims favorably, were dispositive in the Kansas Action. Instead, the District Court considered "the independent evidence presented by the parties to determine whether a genuine issue of material fact exists. If it does not, the KHRC and EEOC determinations will not create one." *Id*. at *12. Nyanjom appealed the District Court's judgment to the United States Court of Appeals for the Tenth Circuit, and that appeal remains pending.

Relying on the dismissal of the Kansas Action, HBC now objects to Nyanjom's three proofs of claim. (*See Reorganized Debtors' Objection to Proofs of Claim Nos. 2331, 2332, and 2878*, dated Aug. 7, 2015 (ECF Doc. Nos. 2029, 2030, and 2031, respectively).) Nyanjom responded to HBC's objection, (*see Response to Reorganized Debtors Objections to Proofs of Claim Numbers 2331, 2332, and 2878, each filed by Harold Nyanjom*, dated Aug. 28, 2015 ("*Opposition*") (ECF Doc. # 2099), arguing, *inter alia*, that the KHRC and EEOC actions are not subject to the automatic stay under 11 U.S.C. § 362(b)(4), his claims are excepted from

discharge under 11 U.S.C. § 523(a)(6), and disallowance is premature absent exhaustion of his appellate rights. HBS replied, (*see Reorganized Debtors' Reply in Support of their Objections to Proofs of Claims Nos. 2331, 2332, and 2787, each filed by Harold Nyanjom*, dated Sept. 22, 2015 ("*Reply*") (ECF Doc. # 2086)), and the Court heard oral arguments on September 24, 2015.

## DISCUSSION

Pursuant to Bankruptcy Code § 502(b)(1), the Court shall disallow a claim that is "unenforceable against the debtor and the property of the debtor, … under applicable law…." 11 U.S.C. § 502(b)(1). The Kansas Action encompassed all of Nyanjom's employment-related claims, and District Judge Robinson granted summary judgment dismissing his complaint. The question posed is whether the dismissal precludes Nyanjom from pressing the same claims in HBC's bankruptcy case.

The preclusive effect of a federal court judgment is determined by federal common law. *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008). Claim preclusion "forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit." *Id.* at 892 (quoting *New Hampshire v. Maine,* 532 U.S. 742, 748, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)) (internal quotation marks omitted). "Under federal law, claim preclusion 'bars later litigation if an earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action.'" *Diaz v. Judge Advocate Gen. of the Navy*, 413 F. App'x 342, 343 (2d Cir. 2011) (quoting *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007)); *accord In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB), 2014 WL 5421190, at *2-3 (Bankr. S.D.N.Y. Oct. 22, 2014).

Here, claim preclusion, or *res judicata*, bars Nyanjom's claims. The United States District Court for the District of Kansas is a court of competent jurisdiction, and the pendency of Nyanjom's appeal does not affect the preclusive effect of its final judgment. *Straus v. Am. Publishers' Ass'n*, 201 F. 306, 310 (2d Cir. 1912), *cert. dismissed*, 235 U.S. 716 (1914); *see generally* 18A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 4433 (2d ed. 2015). The *Kansas District Court Decision* resulted in a final judgment on the merits dismissing Nyanjom's employment-related causes of action under the ADA and KAAD based on the alleged failure to accommodate his disability, forcing him into involuntary retirement/leave of absence, and retaliating against him, the same causes of action asserted in his proofs of claim. Accordingly, his claims are unenforceable under applicable law and are subject to disallowance under Bankruptcy Code § 502(b)(1). In addition, Claim No. 2878 was filed more than six-months after the bar date for filing pre-petition claims and is also subject to disallowance under 11 U.S.C. § 502(b)(9).

Nyanjom's other arguments lack merit. The exception to the automatic stay in 11 U.S.C. § 362(b)(4) is irrelevant,[5] because it does not prevent HBC from objecting to claims that Nyanjom filed. Furthermore, the *Kansas District Court Decision* disposed of all of Nyanjom's employment-related claims. If his invocation of § 362(b)(4) is meant to imply that the EEOC or KHRC is still investigating other claims, these other claims are not included in his proofs of claim, and moreover, would presumably be barred because he never asserted them prior to the

---

[5] Section 362(b)(4) provides that the automatic stay does not apply to the "commencement or continuation of an action or proceeding by a governmental unit … to enforce such governmental unit's … police and regulatory power …."

bar date. In addition, 11 U.S.C. § 523(a)(6), which excepts from discharge debts caused by a "willful and malicious injury," is limited to "individual" debtors and does not apply to HBC. Finally, there is no reason to await the disposition of Nyanjom's appeal to the Tenth Circuit or beyond. HBC has reserved for the face amount of Claim Nos. 2331 and 2332 and an additional $1 million for Claim No. 2878. (*Order (A) Authorizing the Reorganized Debtors to Make an Interim Distribution on Account of Allowed Claims, (B) Establishing a Disputed Claims Reserve and (C) Granting Related Relief,* dated Sept. 24, 2015, Schedule 2 (ECF Doc. # 2094).) In the event that he ultimately prevails on appeal, he may seek reconsideration of the disallowance of his claims pursuant to 11 U.S.C. § 502(j) and Rule 3008 of the Federal Rules of Bankruptcy Procedure.

## CONCLUSION

Claim Nos. 2331, 2332, and 2878 are disallowed and expunged. The Court has considered Nyanjom's remaining arguments, and to the extent they are not expressly addressed, the Court concludes that they lack merit. Submit order.

Dated: New York, New York
       October 19, 2015

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge